HENRY M. LOW *vs.* LAWRENCE HOLMES and JOSEPH T. CROWELL.

1. Encumbrancers are not necessary parties to a bill for partition.

2. Upon a bill for partition of chattels by a tenant against his co-tenant, and to restrain him from removing or using the same, or committing any waste thereon, the claim of a third party upon the property by way of mortgage, can not be established by affidavit in opposition to the claim of the bill, upon a preliminary application for an injunction. The alleged fact constitutes no valid objection to the granting of the injunction.

3. Upon a bill for partition by one tenant in common against another, where the facts constitute a clear case of the use and enjoyment of the property, to the entire exclusion of the complainant, a receiver will be appointed. A receiver will not be appointed, however, when the appointment will subject the co-tenant to inconvenience and expense, without corresponding benefit to the complainant, and such co-tenant will give the complainant security for the rents and profits.

4. Order: that the defendant, within ten days from the service of a copy thereof, give bond, with security, to the complainant, to account for and pay over one half the value of the rents and profits of the property; and on failure thereof, that an injunction issue to restrain the further use of the property, and that a receiver be appointed.

---

The bill alleges that the complainant is the owner of the one equal, undivided, half part of certain goods and chattels, consisting of a steam engine, printing press, type, and other articles, the materials of a printing office establishment, of which Holmes is the owner of the other undivided half, and that Crowell, the other defendant, claims some interest, the character of which is unknown to the complainant; that Holmes is in the possession and enjoyment of the property, and that he refuses to divide it, or to sell and divide the proceeds. The bill prays that the property may be divided, or that it may be sold and the proceeds divided; that an account may be taken of the rents and profits, and the complainant's interest therein secured to him, and that in the mean time, the defendants may be restrained from committing any waste or destruction of the property, or removing the same out of the state, and from using the same; and that a receiver may be appointed.

A rule to show cause was granted why an injunction should not issue, and a receiver be appointed. The case was heard upon the argument of the rule.

*Mr. A. B. Woodruff,* for the complainant, in support of the rule.

As to receiver, the question resolves itself into this, whether a receiver should be appointed. *Edwards on Receivers,* 2, 3, 5.

Rights of third persons will not be prejudiced. *Ibid.* 11.

Whether a mortgagee be *in* or *out* of possession, receiver will be appointed. *Ibid.* 54–5–6.

Receiver should be appointed, and injunction granted restraining use.

*Mr. Runyon,* for defendant, Lawrence Holmes, contra.

It is impracticable for the court to make partition. Injunction and receiver are but ancillary. The appointment of a receiver is a high power, which will be cautiously exercised.

The proper parties are not before the court. Sears' executors should be parties. They have a lien on Hoe's press for $245.75.

The defendant has equal right to possession with the complainant. Where parties have equal right to possession, upon a mere application for partition, the court will not take the property from the possession of the party who has it.

I admit right to have partition of property, when either party elects to do so. Partnership need continue no longer than party elects. So, in regard to all things held by tenants in common. *Wilson* v. *Reed,* 3 *Johns. R.* 175; *Nowlen* v. *Colt,* 6 *Hill* 461.

Holmes has a right to an equal undivided half of every article in the office. He has a right to possession.

The Court is not asked to condemn any one, but simply to divide. It will reluctantly stop business by injunction, or by appointment of a receiver. *Spratt* v. *Ahearne,* 1 *Jones*

N *

(*Irish Exch.*) 50; *Tyson* v. *Fairclough*, 2 *Sim. & Stu.* 144.

Right to appointment of receiver doubted in last case, even in case of exclusion. *Milbank* v. *Revett*, 2 *Mer.* 405. No exclusion, or pretence of exclusion, in this case.

Receiver refused, but defendant required to give security. *Street* v. *Anderton*, 4 *Bro. Ch. Cas.* 414.

If there were threatened waste, it would be proper to enjoin. *Hole* v. *Thomas*, 7 *Vesey* 589.

THE CHANCELLOR. The only question now before the court, is the complainant's right to an injunction and a receiver. The equity of the complainant's bill, and his right to the enjoyment of his share of the property, are not drawn in question.

I. It is objected, that there are other encumbrances or claims upon the property, and that the necessary parties are not before the court. But encumbrances upon the property constitute no objection to a partition. As regards real estate, it is not necessary that the encumbrancer should be a party to the suit for partition. His rights are not affected by it. And in case of a division or sale of chattels, the court will see that the rights of mortgagees are protected. So far as the case appears by the bill, Crowell is the only other party having a claim upon the property. He is before the court. The affidavits read upon the hearing, tend to show that the executors of Sears have also a claim upon the property by way of mortgage. That fact can not be established by affidavit in opposition to the claim of the bill, upon a preliminary application for an injunction. If by the defendant's answer, or otherwise in the progress of the cause, the existence of the encumbrance shall be established, the encumbrancer may be made a party, and his rights protected. As the case now stands, the fact alleged constitutes no valid objection to the granting of an injunction.

II. It is objected, that a receiver will not be appointed on a bill filed for partition by one tenant in common against

another, unless a case of exclusion of the complainant from the enjoyment of the premises is shown. In support of this principle, counsel relies upon the cases of *Spratt* v. *Ahearne,* 1 *Jones (Irish Exch.)* 50; *Milbank* v. *Revett,* 2 *Mer.* 405.

The principle established by the cases is, that the court will not wrest from the defendant his share of the property, to the enjoyment of which he is legally entitled, unless it be necessary in order to secure to the complainant the enjoyment of his rights. If, therefore, it does not appear that the complainant is by the act of the defendant, excluded from the enjoyment of his share of the property, there is no ground for the exercise of the extraordinary power of the court, either by enjoining the defendant in the use of the property, or by putting it under the control of a receiver. And upon the same principle the court will not, from the mere fact that a tenant in common is in possession of the land, subject him to the payment of rents. In other words, a tenant in common, who voluntarily declines to enter into possession of the premises owned in common, cannot subject the tenant in possession to the payment of rent against his will, unless it appears that he has the entire or exclusive use of the property. The soundness of the principle is admitted, but it admits of no application to the facts of this case. The property in question is the machinery and material of a printing office, of which the defendant has the exclusive possession. It is used by him in the printing of a daily paper issued by the defendant. The complainant is not a partner. He has no interest or concern in the establishment, other than as the owner of an undivided half of the materials. The defendant being in the sole possession, use, and enjoyment, refuses to divide, or to sell it and give the complainant his share. The facts constitute a clear case of the use and enjoyment of the property by one tenant, to the entire exclusion of his co-tenant.

III. It is objected, that the defendant, being entitled to an equal undivided half of the property, and having an equal

right with the complainant to its use and enjoyment, the court will not, in the absence of a wrong committed or meditated, deprive him of the use and enjoyment of his own property. That one tenant in common has as good right to the enjoyment of the property as the other, and that no action at law can be maintained by one against the other for the recovery of the property while the joint ownership continues.

The principle upon which a court of equity acts, I think, is this, that it will not, at the instance of one tenant in common, deprive the other tenant of the use and enjoyment of the property, further than is necessary to protect the just rights of the complainant. The court acts upon this principle in regard to partnership property. Upon the dissolution of the partnership, a receiver will not be appointed, nor one of the partners deprived of the management of the business, at the instance of the co-partner, unless it be necessary to protect the interest of the complainant. *Cox* v. *Peters,* 2 *Beas.* 39.

The bill in this case seeks a division of the property, and an account of the rents and profits. The defendant is in the lawful possession of the property, using it in a legitimate way in the prosecution of his ordinary business. Why should it be wrested from his hands and placed in the hands of a receiver? It must deprive him, to some extent at least, of the control and management of his business, and subject him to expense without any corresponding benefit to the complainant. All that the complainant can fairly require, is security for the rent of the property, including compensation for its deterioration or destruction by use. Upon the facts charged in the bill, this is clearly necessary for the protection of the complainant's rights. And it is proper to require it when the appointment of a receiver is denied. *Street* v. *Anderton,* 4 *Bro. Chan. R.* 414. If this security is given, there is no necessity for a receiver.

So far as it is sought to restrain the defendant from waste or destruction of the goods, or removing them out of the jurisdiction of the court, the injunction is granted.

It will be ordered, that the defendant, Holmes, within ten days from the service of a copy of the order, give bond, with security, to the complainant, to account for and pay over the one half of the value of the rents and profits of the property, the bond to be approved by one of the special masters of the court; and on failure of the defendant to give such bond, then that an injunction issue to restrain him from the further use of the property, and that a receiver be appointed.