JOSEPHINE K. McKINLEY

*v.*

ELLA M. COE et al.

[Filed April 20th, 1904.]

1. Evidence act (*P. L. of 1900 p. 363 § 4*) excludes testimony by a party to a civil action, as to any transaction with or statement by any testator or intestate represented in the action, where any party sues or is sued in a representative capacity. The payee in a note given by a testatrix, whose will charged her debts on her lands, petitioned that the proceeds of land sold in partition proceedings between devisees be applied to the payment of her note.—*Held*, that the testimony of the

McKinley *v.* Coe.

petitioner as to the execution of the note and its consideration was not incompetent, the devisees not being sued in a representative capacity within the statute, as construed and applied by the decisions. Cases examined.

2. *Gen. Stat. p. 2984 ¶ 20*, provides that in all suits in chancery for partition or sale of lands, where the personal estate of the ancestor is insufficient to pay his debts, it shall be lawful for the chancellor to direct the lands to be sold free from the lien of such debts, and to make an order touching the disposition of the proceeds of sale, as may be necessary for the ascertainment and payment of such deficiency thereout, before the distribution of the fund.—*Held*, that where lands of a decedent, which were charged with the payment of a debt, were sold free from the debt by a decree in partition, the lien or charge of the creditor, who was party to the suit as devisee, might be enforced against the proceeds of sale.

3. Where a will causes a debt to be a charge on the lands of testator, there is an equitable estate in lands created, and the debt not being barred by limitations at testator's death, it may be enforced within twenty years from his death against the lands, as if it were a legal estate given by the will.

———

On petition by defendant for payment of proceeds of sale paid into court and exceptions to master's report authorizing payment.

*Messrs. W. I. & H. Chamberlain*, for the petitioner.

*Mr. Murphy* (with *Messrs. McEwan & McEwan*), for the complainant.

*Mr. Acton C. Hartshorne*, for the defendant Mrs. Herdman, *contra.*

EMERY, V. C.

In this case I reach the following conclusions upon the issues raised in the exceptions to the master's report and the application at the hearing to open the proofs:

*First.* The application of petitioner made at the hearing on the exceptions to open the proofs must be denied. It appears by the evidence taken before the master on the first reference to him that petitioner then claimed that the note in question was signed in the presence of Mrs. McKinley. Necessary dili-

McKinley *v.* Coe.

gence by petitioner to procure other proof than her own testimony as to the execution of the note has not been shown, nor does the affidavit of the solicitor show a sufficient excuse for its non-production before the master.

*Second.* The petitioner's testimony as to the transactions with the testatrix in relation to the note upon which her claim is based is admissible. This question arises upon the application of the petitioner as a creditor of the testator, claiming that her debt is charged by the will upon the lands which have been sold in proceedings in partition. The bill for partition was filed by one of the respondents, a residuary devisee, against the other respondent and the petitioner, the other devisees. The lands have been sold and the proceeds paid into court. The petitioner is also the executrix of the will, and upon her previous application as executrix under the chancery rules 155, &c., for the payment to her as executrix of sufficient money to pay the debts of the testatrix, including the petitioner's own claim, the application was denied, so far as it applied to this debt, because at the time of the application recovery against her as executrix was barred by the statute of limitations. I held that, although the executrix might, so far as the personal estate was concerned, waive the statute, she could not affect the rights of heirs or devisees by her waiver, nor could she reach the proceeds of sale of land by her waiver of the statute as executrix. Petitioner's claim is based on a promissory note, purporting to be signed by the testatrix, dated January 14th, 1891, for $450, payable one year after date, with interest at five per cent. The testatrix died December 9th, 1895, and the personal estate was insufficient to pay the debts, not including the petitioner's claim, and on petitioner's application an order was made in this cause, directing payment to the petitioner as executrix of the sum necessary to pay such other debts, but without prejudice to her right to apply for payment of her claim out of the proceeds of sale, as a debt charged upon the lands. This petition was thereupon filed for that purpose, and upon this application and the previous application the only proof as to the execution of the note or its consideration was the evidence of the petitioner. This was

objected to before the master on the reference in this petition as a statement of a transaction with decedent, but was not objected to in the proceedings on the first petition. The order of reference on the present petition directed that the evidence taken on the former petition should be used, subject to all proper objections to the legality and admissibility of any portion thereof. Assuming that under this last order objection can be now taken to the admissibility of petitioner's evidence, the question is whether it is admissible under the Evidence act (Revision) (*P. L. of 1900 p. 363 § 4*) excluding testimony by a party to a civil action as to any transaction with or statement by any testator or intestate represented in said action where any party sues or is sued in a representative capacity, and the point to be decided is whether in a proceeding of this character the testator is "represented" by the devisees. The earliest decision of this court, *Colfax* v. *Colfax, 5 Stew. Eq. 206 (1886)*, arose under the act of 1874 (*Rev. p. 378 § 3*), providing that no party should be sworn where either of the parties in a cause sue or are sued in a representative capacity, and Chancellor Runyon, on a bill filed by a vendee for specific performance of a contract of the deceased against the heirs-at-law and the widow of vendor as administratrix, held that the heirs were sued in a representative capacity and that the evidence of complainant was not admissible.

Subsequent to the decision in *Colfax* v. *Colfax* occurred two decisions of the court of errors and appeals—*Hodge* v. *Coriell, 15 Vr. 456 (Supreme Court, 1882)*; affirmed, *17 Vr. 354 (1884)*, and *Palmateer* v. *Tilton, 13 Stew. Eq. 555 (1885)*. These later decisions were considered by Vice-Chancellor Van Fleet, in *Crimmins* v. *Crimmins, 16 Stew. Eq. 86 (1887)*, as overruling *Colfax* v. *Colfax,* and on a bill filed by a widow against heirs-at-law of her husband to set aside a deed made to the husband of property formerly standing in her name, because of fraud and undue influence practiced on her by the husband, the vice-chancellor held that the wife was a competent witness to prove transactions with the husband, under the statute of 1880, which provided that the party suing or being sued in a civil

action might be sworn as a witness, "*provided* that testimony should not be given as to any transaction with or statement by any testator or intestate represented in said action." He considered (at *p. 85*) that *Colfax* v. *Colfax* had decided that heirs suing or defending in the right of their testator were "representatives" of the testator, under the statute of 1874, but that a more limited scope had been given to the word "representative" by the decisions of the court of errors and appeals in the *Hodge* and *Palmateer Cases,* and that by these decisions the test of representative capacity under the statutes was whether one party or the other appeared on the record as the representative of the decedent. Then followed the decision of the court of errors and appeals in *Smith* v. *Smith, 23 Vr. 207 (1889).* This was an action for dower brought by plaintiff claiming, as widow, against the lessees and devisees of the husband. The marriage (alleged to be a common law marriage) was disputed, and the evidence of complainant as to the marriage was held competent. The reason given (at *p. 210*) was "that the defendants were sued as devisees having legal title to the land under the will, and not as executors or legal representatives." The *Hodge, Palmateer* and *Crimmins Cases* were cited and approved on this point, and the decision of the court was by a unanimous vote. In *Smith* v. *Smith,* the circumstance that the devisees were sued merely as holders of the title to the lands in question, and not as representatives, was first referred to as a test of the "representative" character, and in subsequent chancery decisions this test has been the one applied, as having been established by this decision. *Vreeland* v. *Vreeland, 8 Dick. Ch. Rep. 387, 390 (1895),* was a bill for specific performance of a contract of the intestate filed by the vendee against the heirs of the vendor, and upon the three decisions in the court of appeals and the *Crimmins Case* the evidence of complainant as to transactions with the decedent was held admissible. These cases were considered as settling the rule that the evidence was admissible "where the defendants were sued, not in a representative capacity, but for property to which they held title, descended to them from their father" (at *p. 390*).

In the *Crimmins* and *Vreeland Cases* the matter of the scope and effect of the previous decisions of the court of errors and appeals upon this question of the admissibility of the evidence of the party claiming against the heir or devisee of lands, under contracts or transactions with the testator, was an issue necessary to be decided.   The *Crimmins Case* has, on the point of admissibility, been expressly approved by the unanimous decision of the court of errors and appeals in the *Smith Case*, and this latter case has never since been questioned or doubted by any subsequent decisions of the highest court.   There are two subsequent decisions of the court of errors and appeals which apply the statute in cases involving claims by or against executors or administrators.   In *Smith* v. *Burnet, 8 Stew. Eq. 314 (1882)*, the question arose upon exceptions to an executor's account for not charging himself with certain stock, which the executor claimed to have been given to him by the testator. The executor's testimony as to the statements of testator was held inadmissible, it being considered that this proceeding on exceptions was a civil action, and (at *p. 322*) that the decedent was "represented" in the action, either by the exceptants or by the executor himself.   In *Adoue* v. *Spencer, 17 Dick. Ch. Rep. 782, 794 (1900)*, which approved *Smith* v. *Burnet,* the administrator of the deceased (at *p. 794*) was held to be a necessary party defendant, and was held to be a party against whom the claim of the other defendant to charge decedent's lands for a mortgage debt was made.   The evidence of such other defendant as to transactions with the intestate was therefore held inadmissible.   In neither of these cases was the representative relation between the decedent and his heirs or devisees involved, nor were either of the previous decisions of the same court questioned or referred to.   It has, however, been urged that there is another line of decisions, in the supreme court and in this court, holding the evidence inadmissible.   In *Jess* v. *Mohn, 26 Vr. 407 (Supreme Court, 1895)*, it was held that in an action by a creditor against devisees, under the statute relating to heirs and devisees, for a debt of the testator, the devisees

represented the testator, and the evidence of the plaintiff as to transactions with the testator was held inadmissible. The decision in this case seemed to be rested entirely upon the representative character of the heirs and devisees under the act, and the previous decisions in the court of errors and appeals were not referred to, although all of the judges who decided the *Joss Case* had also sat, either in the first instance or on appeal, in the *Hodge* and *Smith Cases*. Vice-Chancellor Pitney, in *Greenwood* v. *Henry, 7 Dick. Ch. Rep. 447, 450 (1894)*, and Vice-Chancellor Grey, in *Kempton* v. *Bartine, 14 Dick. Ch. Rep. 149; S. C. on appeal, 15 Dick. Ch. Rep. 411*, considered *Colfax* v. *Colfax* and *Joss* v. *Mohn* as establishing that in the cases before them (which were similar to the *Crimmins* and *Vreeland Cases*) heirs and devisees were representatives of the testator, and held that evidence of the opposite party as to transactions with the decedent was not admissible. But as I understand these cases before the vice-chancellors, in neither of them was a decision upon this point necessary. In *Greenwood* v. *Henry* it was decided that the testimony, if within the statute, was admissible under an exception expressly made by the statute, and in *Kempton* v. *Bartine* the court, on appeal, expressly declined to consider the question, because it was not involved. I must therefore be governed by the *Crimmins* and *Vreeland* decisions, and their construction of the effect of the previous decisions on appeal, and especially so as the *Vreeland Case* was decided subsequent to *Greenwood* v. *Henry*. And as to the effect to be given to *Joss* v. *Mohn* as qualifying or affecting the previous decisions of the court of errors and appeals or in chancery, it should also be stated that Vice-Chancellor Reed, who, as associate justice, delivered the opinion of the court in *Joss* v. *Mohn*, has subsequently, in *Wyckoff* v. *Norton, 15 Dick. Ch. Rep. 474, 477 (1900)*, given his view of the effect of the former decision and his conclusion that the decision in *Joss* v. *Mohn* has not affected the admissibility of evidence against devisees in cases where the devisees are sued merely as the owners of land upon which, or in relation to which, equitable rights are claimed.

In this *status* of the decisions I must hold that the question of the admissibility of the evidence has been settled affirmatively by authorities binding upon me.

*Third.* The debts of the testatrix, including the debt due petitioner, were charged on the lands by her will. The will first directs "that all my just debts and funeral expenses be duly paid and satisfied as soon as conveniently can be after my decease," and then, after two pecuniary legacies of $300 and $200, proceeds: "I give, bequeath and devise all the residue of my estate, both real and personal, and wheresoever situated, to my three daughters [the petitioner and the two respondents], to be equally divided between them, share and share alike," &c.

This general direction of the testatrix that her debts be paid charges them on the real estate, under our decisions. *Shreve* v. *Shreve, 2 C. E. Gr. 487, 494 (Errors and Appeals, 1864)*; *Thomas* v. *Thomas, 2 C. E. Gr. 356 (Beasley, Master)*; *Suydam* v. *Voorhees, 13 Dick. Ch. Rep. 157 (Vice-Chancellor Reed, 1899)*.

The personal estate is, of course, the primary fund, but in this case the personal estate has been exhausted.

*Fourth.* The petitioner's debts being charged on the land, she has a right, as creditor, to enforce in this court the equitable lien thus created against the lands (*Suydam* v. *Voorhees, supra;* also, *3 Pom. Eq. Jur.* § *1247*), and the lands having been sold free from petitioner's debt, by the decree obtained in the partition suit (which directed a sale of all the petitioner's rights in the land), the lien or charge may be enforced against the proceeds of sale. *Gen. Stat. p. 2984* ¶ *20, tit. "Sale of Lands."* Independent of this statute, the rule seems to be that where a sale in partition has been made a creditor may come in by petition to have the debts paid out of the proceeds of sale. *Latimer* v. *Hanson, 1 Bland Ch. 51,* approved in *Speer* v. *Speer, 1 McCart. 240, 251 (Chancellor Green, 1862)*, and the practice of this court in relation to the application of executors and administrators for so much of the proceeds as is necessary to pay the debts (whether they are parties to the suit or not), is based upon this theory.

*Fifth.* The debt being a charge upon lands, created at testator's death by his will, there is an equitable estate or interest in lands, and the debt not being barred by the statute at the testator's death, it may be enforced within twenty years from testator's death, as if it were a legal estate given by the will. *Condit* v. *Bigalow, 19 Dick. Ch. Rep. 504, 515,* and cases cited.

The remedy by lien may be enforced even if action at law for the debt is barred. *11 Am. & Eng. Encycl. L. (2d. ed.) 177, 152.*

*Sixth.* The other exceptions to the master's report have been considered and are overruled. The items excepted to are the payments made by petitioner as one of the tenants in common for the benefit of the estate. These were properly made, as the master finds, and no sufficient reason has been urged for rejecting any of those items allowed. The claim that the petitioner excluded the other tenants in common from the premises is not sustained by the evidence. Payment to petitioner from the funds in court will be advised, in conformity with the master's report.