## CLARA A. WOOLSTON

*v.*

## WILLIAM I. PULLEN et al.

[Decided December 3d, 1917.]

1. It is the duty of a life tenant to keep down taxes and keep the premises in such repairs as will preserve the property from decay, to the extent at least of the rental value of the premises, and where he neglects and refuses so to do a receiver will be appointed to collect the rents sufficient in amount to pay the taxes and defray the expense of necessary repairs.

2. Tenants in common are equally obligated to pay all the taxes upon the common property, and where one of them redeems the property from taxes or discharges a lien upon it, he has a right to contribution from his cotenants according to their respective shares.

3. Where lands are held in common by a life tenant and by others in fee, and such tenants have neglected to pay taxes and make necessary repairs to the common property, they are all guilty of permissive waste, and the persons holding the remainder after such life estate in an undivided part may, where they are defendants in a partition suit in equity, have a receiver appointed to collect the rents, to pay the taxes and to cause all necessary repairs to be made, paying for the same out of the rents.

On bill for partition.   On final hearing on bill, pleadings and proofs.

*Mr. J. Conner French,* for the complainant.

*Mr. Martin P. Devlin,* for the defendant J. Harry Pullen and others.

*Mr. Henry M. Hartman,* for the defendants Edna A. Ambrose and Albert V. Ambrose.

This matter was referred to William J. Backes, Esquire, advisory master, who filed the following conclusions:

The bill is filed for the partition of lands of which Annie I. Ferris died seized. By her will admitted to probate November 15th, 1909, she disposed of her property as follows:

"I give and bequeath unto Anna M. Chase $500.00, Sara Ferris $300.00, Addelial Gute $100.00 and Della Wescot $100.00, the rest to be divided equally between Cora A. Woolston, William I. Pullen and J. Harry Pullen. $2,000.00 to be taken from J. Harry Pullen's share and to be paid to Edna A. Ambrose, and he, J. Harry Pullen, is to have the interest on his balance on his share as long as he lives, and then it is to go to his children, one half to Edna A. Ambrose, and she is to get this right after his death, and the other half is to go to his sons Edgar Pullen and Harry Pullen."

No question is raised as to the title or rights of the parties in the lands. Edgar Pullen, one of the remaindermen, died after the testatrix. His interest descended to Harry Pullen, his brother of the whole blood, whose sister, Edna A. Ambrose, is a child of J. Harry Pullen by his second wife, and is therefore of the half blood and not entitled to inherit. The real estate consists of nineteen lots on each of which is erected a dwelling-house. The defendants Edna A. Ambrose and Albert V. Ambrose, her husband, filed an answer and counter-claim in which they charge the complainant and the defendants William I. Pullen and J. Harry Pullen with having collected all the rents, issues and profits of the land, and that although it was their duty to protect the properties from waste and damage and to maintain them in the state of repairs equivalent to that in which they were at the decease of the testatrix, they did not do so, but permitted the properties to be wasted by neglecting to repair them and permitting them to so deteriorate that they are being damaged and wasted by the elements, in wanton disregard of the interests of the tenants in remainder; that they have greatly depreciated in value and are considerably less marketable and tenantable, and that they have permitted large arrearages of taxes to become due, which greatly hazards her interests.

The prayer of the counter-claim is threefold—

(1) That the tenants be required to account to them for waste and depreciation of the properties caused by their failure to keep them in as good repair as they were when they took them.

(2) That if an actual partition be directed that a receiver be appointed to collect the rents and care for the properties and place the properties apportioned to J. Harry Pullen in a state of repair equal to that in which they were at the time of the death of Annie I. Ferris, and he be directed to discharge the liens and encumbrances thereon, or if the property be decreed to be sold that the equities of the parties be adjusted by this court, and that Edna A. Ambrose, when her share is apportioned, be allowed and given credit for the loss resulting from the waste.

(3) That a receiver be appointed to collect the rents, issues and profits of all the real property of which the testatrix died seized, and that he be directed by this court to make necessary repairs and pay the taxes and other liens which have accrued against the same.

The remaindermen Harry Pullen and Edna A. Ambrose, and the latter's husband, Albert V. Ambrose, are made defendants, because by section 26 of our Partition act of 1898 partition of lands may be made, notwithstanding any share may be limited over after an estate for life, or any estate therein, and such partition shall bind all tenants of such share in remainder, reversion or expectancy, who shall be entitled only to that part of the lands partitioned which may be set off in severalty to the share upon which such remainder or expectancy is limited. In all cases where such remainder, reversion or expectancy, is limited over to any person in being the act requires that such person shall be served with the like notice or process as may be by law required to be served on the owner or tenant of such share in such proceedings or partition.

All the tenants in common, as well as Harry Pullen, the other remainderman, in their replications admit that the taxes against the properties for the years 1915 and 1916 remain unpaid, but deny that the properties have been wasted and damaged, or that they have been permitted to so deteriorate that they are being damaged and wasted by the elements. They allege that the properties are in a good state of repair and are tenantable.

The testimony taken at the hearing satisfactorily proves that when testatrix died the properties were in good condition, but that they have since been neglected and are now in much need of

repairs; that the bare wood shows through in places on some of them, and that generally they are suffering for want of paint; that the roofs on some need retinning, and that the masonry or brickwork on nearly all needs repointing.

It is the duty of a life tenant to keep down taxes and keep the premises in such repair as will preserve the property from decay, to the extent at least of the rental value of the premises, and where he neglects and refuses so to do a receiver will be appointed to collect the rents sufficient in amount to pay the taxes and defray the expense of necessary repairs. *Murch* v. *J. O. Smith Manufacturing Co., 47 N. J. Eq. 193.* Where a life tenant neglects to pay taxes subjecting the estate to sale therefor, with accumulated costs and penalties and permits the premises to decay for want of repairs, it must necessarily diminish the value of the estate, resulting in lasting damage to the inheritance. No distinction can be drawn between the life tenant's duties to pay taxes and keep up the repairs. For failure to discharge either of these duties he is guilty of permissive waste.

Counsel concede that it is the duty of a life tenant to pay taxes and keep up repairs so as to prevent waste, but they strenuously contend that where, as here, the premises are held in common by a life tenant and by others in fee, there is no such duty imposed upon the tenants in common in fee. It appears to me, however, that as none of the tenants in common can certainly tell which part of the premises is his own, it is the duty of all to preserve the remaindermen's inheritance.

Tenants in common are equally obligated to pay all the taxes upon the common property, and where one of them redeems the property from taxes or discharges a lien upon the common property, he has a right to contribution from his cotenants according to their respective shares. *Roll* v. *Everett, 73 N. J. Eq. 697.*

The common law made it the duty of tenants in common to contribute to the reparation of houses, mills, &c., held in common, and in case anyone refusing the other was given his writ *de reparatione facienda,* to compel him to compliance (*Co. Litt. 200b*); and now in an action at law one tenant in common who has made necessary repairs upon the common property can com-

.pel his cotenants to contribute their proportionate share of the expense, but to sustain his action he must show a request to unite in such repairs and a refusal. *Louvalle* v. *Menard, 1 Gil. (6 Ill.) 39; 41 Am. Dec. 161; Mumford* v. *Brown, 6 Cow. (N. Y.) 475; 16 Am. Dec. 440; Calvert* v. *Aldrich, 99 Mass. 74; 96 Am. Dec. 693; Wiggin* v. *Wiggin, 43 N. H. 561; 80 Am. Dec. 192.* Although a tenant in common, who makes necessary repairs upon the common property without the consent of his cotenants, may not be able to maintain an action at law against them to compel contribution, it is a well-settled principle of equity jurisprudence that such contribution may be compelled in equity under certain circumstances. *Pom. Eq. Jur. § 1240; Story Eq. Jur. §§ 1236, 1237; Jenkins* v. *Jenkins (N. J.), 5 Atl. Rep. 134.* The doctrine of contribution in such case rests on the principle that where the parties stand in *equali jure,* equality of burthens become equity. *4 Kent Com. 370.*

We have seen that it is not only the duty of the life tenant to pay taxes and make necessary repairs, but it is also the duty of tenants in common mutually to pay taxes and make necessary repairs. Therefore, had J. Harry Pullen, or any of the tenants in fee, paid the taxes and made the necessary repairs, his cotenants could have been made to contribute their just share in these proceedings. It is true that one tenant in common is not more in default than his cotenants for neglecting to make necessary repairs, but where one of such tenants in common holds but a life estate in an undivided part the remaindermen of such undivided part have rights in the premises such as cannot be disregarded. Should the remaindermen in the present case come into possession of their estate immediately, their interests would suffer because of the waste. No part of the repairs now necessary should be placed upon them after they come into such possession, nor should they be in present danger of having then to make such repairs. The properties are suffering for want of repairs and the tenants in common are all equally guilty of neglecting to make them. Under such circumstances, justice and equity between the tenants in common and the remaindermen require that the taxes should be paid and the properties put

in good repair, and that the expense thereof be borne by the tenants in common equally.

There is no doubt that equity can grant this relief in partition. It is an established principle that a court of equity, in decreeing partition, does not act ministerially and in obedience to the call of those who have a right to the partition, but founds itself on its general jurisdiction as a court of equity, and administers its relief *ex æquo et bono,* according to its own notions of general justice and equity between the parties. It will, therefore, by its decree adjust the equitable rights of all the parties interested in the estate, and see to it that partition is made accordingly. *Story Eq. Jur.* § *656b.* If improvements have been made by a tenant in common, suitable compensation will be made to him on the partition, or the part on which the improvements are will be set off to him. *Ibid.* See, also, *Brookfield* v. *Williams, 2 N. J. Eq. 341,* and so where one of the tenants has wasted part of the land, the part so wasted will be set off to him. *Polhemus* v. *Emson, 30 N. J. Eq. 405.*

Counsel have been unable to refer me to a case where the question here raised has been discussed and settled, nor have I been able to find one, but the facts alleged in the counter-claim and established by the proofs constitute in my judgment sufficient grounds for the relief sought. This relief, being but an incident to a partition proceeding, and all the parties being before the court, should be granted.

The defendant is entitled to the protection of her estate in remainder, and out of the rents to have the properties restored to the condition they would have been in had the tenants in common not been guilty of permissive waste. A decree will be advised appointing a receiver to collect the rents, to pay the taxes now liens against the properties out of the rents, and to cause all necessary repairs to be made, paying for the same out of the rents. After such taxes have been paid and the repairs made a final decree will be advised directing a partition to be made of the properties among the parties according to their respective rights and interests therein, as appears by a report heretofore made by me.

If the parties are unable to agree as to the necessary repairs to be made by the receiver, he will be directed by the court.

WALKER, CHANCELLOR.

A decree will be made in conformity with the advice contained in the conclusions of Advisory Master Backes, which are hereby adopted as the opinion of the court.