Eagle R. Rule, a brother of complainant, Florence Freeth, and defendants Julia Rule, Sarah Rule and Minnie R. Allen, died on May 30th, 1934, seized of four tracts of land located in Jersey City, particularly known as Nos. 831 and 860 Pavonia avenue, 146 Garrison avenue, and 47-51 Jefferson *Page 491 
avenue. By the second clause of his will, duly admitted to probate in Hudson county, he devised all of these lands, together with the dwellings erected thereon, in equal parts, to his said sisters.
On October 10th, 1934, petitioner, together with her husband, filed a bill for a partition of these lands, an accounting for the rents received therefrom and the ad interim appointment of a receiver for the collection of the rents therefrom and the management thereof. All of the defendants, excepting Anna C.V.R. Rule, the testator's widow, answered, admitting the ownership of the property as alleged but denying that complainants were entitled to the relief sought. Thereupon complainant Florence Freeth filed her verified petition for the appointment of a receiver to take care of and collect the rent from the property in question, pending the final determination of her suit, basing her right thereto upon the fact that defendant Richard J. Allen, who, on July 19th, 1934, qualified as executor under the will in question, and not her co-owners, had been collecting the rents, personally or through his appointed agents, from the devised property ever since the testator's death, although given no such power by the will; that he had failed to apply said rents and income to the payment of past due and accruing taxes; that he had refused to account to her for said rents or her share thereof; that she had been excluded from the enjoyment of all of said property; and that by reason of the foregoing, her interest and rights therein were in imminent danger of being subjected to irreparable loss. Based upon this petition, an order was duly made requiring the defendants to show cause why the temporary relief thus applied for should not be granted, upon the return of which the defendants, excepting the testator's widow, appeared in opposition thereto.
The answering affidavits of petitioner's sisters and co-owners, aside from containing mere expressions of confidence in Richard J. Allen, the husband of one and brother-in-law of the others, bristle and are replete with impertinently scandalous matter and expressions of scorn, hatred and contempt *Page 492 
for the petitioner's husband. These vituperations also make their appearance in the only other affidavit here produced, that of defendant Richard J. Allen, which clearly seeks to avert, rather than meet, the charges leveled against him. This attempted circumvention is sought to be accomplished through the instrumentality of such vague and general assertions as: that said affiant has never received one cent of rent from the Jefferson avenue buildings, at the same time admitting that these rents, without disclosing the amount thereof, had been collected by his appointed agents, Swenson Carlewitz; that the rents from the other properties, without disclosing the amount thereof, had been collected by a Mr. Kiefer, another of affiant's self-appointed agents; that "most" of the 1934 taxes on 860 Pavonia avenue had been paid; that "part" of the 1933 and none of the 1934 taxes on 831 Pavonia avenue had been paid; that taxes are due on the Jefferson avenue properties; and that the taxes will be paid as soon as sufficient rents have accumulated.
Complainants were within the exercise of their legal rights in bringing their present action for partition and an accounting. Defendants have apparently regarded the institution of that action as an intrusion upon their self-assumed rights and privileges to handle the property as they saw fit, with the result that the smouldering bitterness, hatred and contempt, which they have here manifested against complainants, has now flared up into one of those unfortunate devastating family feuds. It is apparent that a relationship and situation so strained cannot be conducive to the proper maintenance and efficient management of their common property, nor to the due regard of the rights of each therein. The preservation of the property and the protection of the rights of the respective parties therein calls for the interposition of some neutral and independent agency.
From the affidavits before me, I am fully satisfied that petitioner has been denied the accounting to which she is manifestly entitled; that she has been, and is being, excluded from the enjoyment of all the property in question, as well as of her rights therein; that because of the non-payment *Page 493 
of taxes, the lack of proper management of the property, the belligerent relationship between the parties and the entire situation here shown, petitioner is in imminent danger of suffering irreparable loss, which will in all probability result unless prevented by this court, and that she, by reason of all the foregoing and as incidental to her accounting and partition suit, is entitled to the temporary relief which she now seeks.Low v. Holmes, 17 N.J. Eq. 148; Weise v. Welsh, 30 N.J. Eq. 431; Bilder v. Robinson, 73 N.J. Eq. 169; Peden v. Cavins,134 Ind. 494; 34 N.E. Rep. 7; Rapp v. Roehling, 122 Ind. 255;23 N.E. Rep. 68; Hadgin v. Hadgin, 175 Ind. 157;93 N.E. Rep. 849.
Defendants, however, contend that this court is precluded from granting her the relief sought because, as claimed by them, the hereinbefore referred to statements from the affidavit of Richard J. Allen are tantamount to a denial of the material allegations of her verified petition. This contention, however, can find support neither in fact nor in law. It is clearly apparent that the statements impliedly admit the material allegations of the verified petition and are made merely by way of excuse rather than in denial thereof. Even if, by the widest stretch of the imagination, the effect contended for could be attributed to those statements, nevertheless such could not render this court powerless to grant the temporary relief here sought. Where, as here, it is reasonably probable that petitioner is entitled to the main relief sought, the hand of this court will not be stayed unless the opposing affidavits fully, explicitly and circumstantially deny all of the material allegations upon which the right to the temporary relief sought depends. Ideal LaundryCo. v. Gugliemone, 107 N.J. Eq. 108.
For reasons here unexplained, Richard J. Allen's affidavit fails to disclose: (1) how much he had paid on account of the taxes assessed against the different premises in question, as well as the amounts still due thereon; (2) the character and extent of the repairs, if any, made by him to the buildings, as well as the cost thereof; (3) the sums of money which were paid out by him for interest, insurance, and water *Page 494 
rents, as well as that disbursed for all other carrying charges; (4) the total amount of the rent which he collected, as well as the balance which he still had on hand, and (5) the total amount of the rents which his agents, Swenson and Carlewitz had admittedly collected and retained, as well as the reason for such retention. He unquestionably had, or should have had, knowledge of all these facts. Without them his affidavit cannot be deemed to present that full, explicit and circumstantial denial essential to preclude this court from granting the temporary relief here sought.
It is further claimed on behalf of these defendants that the appointment of a receiver will impose an additional and needless expense on the estate; and that, therefore, the present application should be denied. This contention, however, is without merit. On the contrary, I am fully satisfied that the management of the property in question by a receiver, pending the final determination of the cause, will, if anything, result in a saving to the estate by its incidental elimination of compensation and commissions to the defendant executor and his agents.
The provisions of chapter 163 of the laws of 1934 are also urged by defendants as grounds for refusing petitioner's application. The argument is made that the power of managing and collecting the rents from the property in question is conferred by this statute upon the executor and that, ex necessitate, this court is without power to divest him of that right by appointing a receiver for said purpose. It appears from the will that no rights were conferred upon or reserved to the executor thereunder with regard to the real property. Consequently, the devisees, immediately from and after the testator's death, became entitled to, and vested with, the control and management of the property to them so devised, as well as to the rents, issues and profits therefrom; subject, however, to his widow's right of dower therein. Paletz v. Camden Safe Deposit and Trust Co.,109 N.J. Eq. 344; Joselson v. Joselson, 116 N.J. Eq. 180.
Inasmuch as the act itself specifically provides that it "shall not apply to any real estate specifically devised to heirs or their devisees," it *Page 495 
becomes inapplicable to the property which the testator here specifically devised to his said sisters. This makes it unnecessary for me to pass upon the question whether or not, because of its alleged denial of due process and its attempted infringement upon or divestiture of this court's inherent power to appoint a receiver in a proper cause, the act itself is constitutional.
The petitioner has established her right to the temporary relief which she seeks. There will be an order accordingly. *Page 496