FLORENCE FREETH and ALFRED J. FREETH, complainants-appellees,

*v.*

JULIUS RULE, SARAH RULE, MINNIE R. ALLEN, RICHARD J. ALLEN, individually and as executors under the last will and testament of Eagle R. Rule, deceased, defendants-appellants.

[Argued February term, 1935. Decided May 17th, 1935.]

*Mr. Richard J. Mackey,* for the defendants-appellants.

*Mr. David Hilowitz,* for the complainants-appellees.

The opinion of the court was delivered by

BODINE, J.   This is an appeal from an order appointing a receiver of rents during the progress of a partition suit.   It appearing that the complainant, one of the coparceners, was excluded from the management and enjoyment of the estate in question, there was no abuse of discretion in the appointment of a receiver. *Low* v. *Holmes, 17 N. J. Eq. 148.* The objects of partition are to avoid the inconvenience that results from a common possession. *Stevens* v. *Enders, 13 N. J. Law 271.*

"Partition is a matter of right, and by the ancient practice, both at law and in equity, the partition was made, however prejudicial it might be to the interests of the parties.   *   *   * Under the statute, where a partition cannot be made without

prejudice, the complainant is entitled as of course to have a sale made of the premises. * * * All real estate, however valuable, except castles, which were necessary for the defense of the realm, were liable to partition at common law. The operation of the statute is equally broad." *Bentley* v. *Long Dock Co., 14 N. J. Eq. 480, 489,* affirmed under title of *Manners* v. *Bentley, 15 N. J. Eq. 501.*

The right to appoint a receiver being incident to the ancient jurisdiction of the court of chancery, there is nothing in chapter 163 of the laws of 1934, page 404, which could impair such right. The act, we take to mean no more than this, that executors, and other specified, may rent and manage real estate during the period of the settlement of estates if, in the meantime, the jurisdiction of the court of chancery to make partition is not invoked. Any other construction would impair not only the rights of devisees but also the inherent powers of the court.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.