On December 17th, 1903, Ernst G. Asmus died leaving a will by the terms of which he gave, devised and bequeathed to his wife, Josephine M. Asmus, the residue of his estate, both real and personal, during the term of her life, so long as she remained his widow. The will contained a further provision that this gift was in addition to her right of dower in his real estate. By the will and a codicil thereto, it was provided that the remainder of this residue was to pass to his three children, Edward R. Asmus, the complainant herein, *Page 486 
Adolph E. Asmus, a defendant herein, and to Grover E. Asmus, in equal shares. The widow, Josephine M. Asmus, said Adolph E. Asmus and one Benjamin Dorrance were named as executors and duly qualified as such. Benjamin Dorrance died in 1922. The widow, Josephine M. Asmus, died in the year 1932. There has been no accounting of the estate of Ernst G. Asmus since the year 1905. Complainant now seeks an accounting and has made defendants his brother, Adolph E. Asmus, and the executors of the estate of Josephine M. Asmus. The facts brought out at the hearing before me show that Josephine M. Asmus never remarried and that during the many years that she survived her husband, occupied a large and valuable house which was part of the estate, and after the first few years at least of her widowhood, exclusively managed and controlled the estate. For many years, she paid the taxes on the home occupied by her, these taxes amounting to a large sum of money, but during the latter years of her life, she not only failed to keep the taxes thereon paid to date, but also failed to maintain the house in a state of complete repair.
One of the main items on which complainant seeks an accounting is on the theory that as life tenant it was her obligation to pay the taxes on real estate enjoyed by her as life tenant and that therefore her estate is liable for the amount of such unpaid taxes and repairs. It is contended, on the other hand, by the executors of her estate by way of counter-claim, that there was no such liability imposed on her, but that on the contrary her estate should be reimbursed for the taxes paid by her on the real estate.
The surviving executor and the executors of Josephine M. Asmus as representing her contend that there is no duty or liability to account for the period preceding the death of Josephine M. Asmus on the theory that the estate was never in the possession of the executors, but was wholly and completely in the possession of Josephine M. Asmus. In my opinion, this contention is unsound since it appears from the testimony that the executors of the estate of Ernst G. Asmus did in fact exercise possession and control over the estate by *Page 487 
making leases as to certain portions thereof and also accounting as such executors in 1905.
It is further contended on behalf of the executors of Josephine M. Asmus that she was never in possession of the estate as life tenant, but that she was in possession by virtue of her widow's quarantine, since there was never any assignment to her of property out of her husband's estate by virtue of the provision in his will to the effect that the other bequests and devises made to her therein should not affect her right of dower. The right of quarantine is a right which exists for the benefit of a widow and is given to her as a means of enforcing her dower right so as to prevent the executors of an estate from refusing to assign dower. In order to give additional strength to this provision, the law imposes no obligation on a widow holding by virtue of her right of quarantine, to pay taxes or make repairs.
But under the circumstances, as shown in the instant suit, Josephine M. Asmus was not in possession of the estate either by virtue of a right of quarantine or by reason of any right of unassigned dower, but was in possession of the estate as life tenant. In construing the will, all of its provisions must be taken together. The will provided so long as she remained a widow she should have the enjoyment of the entire residuary estate. This means of course that if she remarried, the life tenancy would cease, and it was unquestionably to provide for such a contingency that the will provided that nothing should affect her right of dower. A dower right is a life tenancy of one-third of the real estate for the benefit of the widow during her lifetime. So long as the life tenancy continues to be in the same person, namely the widow, the lesser and minor right would in my opinion necessarily merge in the greater and more extensive right. So long as she remained a widow, as in fact she did during her entire lifetime, there would be no reason whatever for assigning any dower right to her and accordingly no reason whatever for invoking any doctrine of quarantine. In fact during her entire lifetime she enjoyed the estate as a life tenant, pure and simple. As such she was under the usual and ordinary obligation of a *Page 488 
life tenant to pay taxes and keep the premises in repair.Woolston v. Pullen, 88 N.J. Eq. 35.
Applying these principles to the suit before me, it is clear that she and therefore her estate, are liable for the unpaid taxes and repairs for which she failed to make payment. It therefore follows that her estate can obtain no reimbursement from the estate of her husband for the sums expended by her for taxes and repairs.
 A decree will be advised in accordance with this opinion. *Page 489