EDWARD R. ASMUS, complainant, respondent and appellant,

*v.*

ADOLPH E. ASMUS, individually and as surviving executor of the last will and testament of Ernst G. Asmus, deceased, ESTELLE ASMUS, GROVER E. ASMUS, JOSEPHINE K. ASMUS and GROVER E. ASMUS, guardian of J. MADELYN ASMUS and GROVER E. ASMUS, infants, defendants, respondents and appellants, and FRANK B. PLYMPTON, receiver, &c., respondent, and GROVER E. ASMUS and WILLIAM M. SCHULTZ, executors of the last will and testament of Josephine M. Asmus, deceased, defendants, appellants and respondents.

[Argued February term, 1939.  Decided April 21st, 1939.]

*Messrs. Huckin & Huckin (Mr. Thomas J. Huckin),* for Edward R. Asmus.

*Messrs. Isaacs & Gunther (Mr. Morton Isaacs)*, for Adolph E. Asmus, individually, &c.

*Mr. Dominick J. Marchitto* and *Mr. John Warren*, for Grover E. Asmus et al.

*Messrs. Warren & Rae (Mr. John Warren)*, for Grover E. Asmus and William M. Schultz, executors, &c.

PER CURIAM.

These cases involve an accounting in the estate of Ernst G. Asmus, deceased, and Josephine M. Asmus, deceased. Ernst G. Asmus died testate December 17th, 1903. By his will, he provided that his wife should have a life estate in his property real and personal during the term of her natural life, if she so long remained his widow with remainder to his three sons, subject to gifts over in the event of the death of any of them intestate. In the eleventh clause he provided that the gift for his wife was in addition to her right of dower in the real estate of which he died seized.

The will of Ernst G. Asmus was construed in a decision by Vice-Chancellor Lewis. *Asmus* v. *Asmus, 122 N. J. Eq. 485.* The matter of accounting was transferred to Vice-Chancellor Egan, who advised the final decree now appealed from without opinion.

The complainant, Edward R. Asmus, a son and remainderman, appeals from the accounting as stated by the learned vice-chancellor. We have carefully examined the record, the arguments of counsel and the authorities cited, and we are of the opinion that there is no merit in the contention made.

The defendants, Adolph E. Asmus, individually and as surviving executor, Grover E. Asmus, Josephine Asmus and Grover E. Asmus, as guardian *ad litem* of certain infants, also appeal from the final decree.

We have carefully examined the record and the arguments of counsel and conclude that they possess no merit, save that we deem an award of $7,500 to Messrs. Huckin & Huckin, counsel for the appellant Edward R. Asmus, excessive and

that it should be reduced to $5,000. And that the award to Messrs. Isaacs & Gunther, counsel for Adolph E. Asmus, of $3,500 excessive and should be reduced to $3,000, and that the award of $3,500 to Mr. John Warren, counsel for Grover E. Asmus and William M. Schultz, executors, excessive and should be reduced to $3,000, and that the award of $3,660.70 to Mr. Frank B. Plympton, as receiver, excessive and should be reduced to $2,000.

The decree, except in the particulars mentioned, will be affirmed, but without costs to any of the appellants.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.