The only question argued on this appeal is whether rents in the hands of the administrator with the will annexed of Caroline H. Boyle, deceased, are available for the payment of decedent's debts. The rents have been collected by the administrator under the authority of R.S. 3:17-8. The lands of which the rents are the income, were devised by Miss Boyle as part of her residuary estate, to nieces and nephews. Two *Page 150 
provisions of her will should be mentioned. One is a direction "that all my just debts and funeral expenses be duly paid as soon as conveniently can be after my death." The other is a naked power given to the executors to sell and dispose of the real estate. Shortly after the death of testatrix in 1937, the Orphans Court decreed the estate insolvent or likely to become insolvent. There has been no sale or order for sale of the land, or any step in the proceeding whereby the Orphans Court took the land into its custody.
The statute under which the administrator has been collecting rents authorizes him to use the money for the preservation of the property and directs that the balance be disposed of according to law or the will of the deceased, as the case may be. The act does not affect the ultimate destination of the rents. If they would not be available to creditors in the absence of the statute, they remain unavailable. Freeth v. Rule, 117 N.J. Eq. 490; 118 N.J. Eq. 285.
The administrator collects and holds the rents not as the representative of decedent, but as a statutory agent or trustee for the devisees or other persons entitled.
Rents are an incident of land and at the death of the owner, go with the land to his heir or devisee. Condit v. Neighbor,13 N.J. Law 83; Demars v. Koehler, 60 N.J. Law 314. The power of sale given by the will of Miss Boyle to the executors may be exercised by the administrator with the will annexed by virtue ofR.S. 3:17-11. But the existence of this power does not affect the right of the devisees to the rents. When power of sale is given to the executor, the heir or devisee takes the rents until his title to the land is cut off by a sale under the power.Bittle v. Clement (Grey, V.C.), 54 Atl. Rep. 138.
Although the personal estate of decedent is insufficient to pay debts, and there is a proceeding for the sale of land to pay debts, the heir or devisee is entitled to the rents until the land is actually sold. R.S. 3:25-21, c. Paletz v. CamdenSafe Deposit Co., 109 N.J. Eq. 344. Likewise, the heir or devisee remains entitled to the rents until the sale, although the estate is decreed to be insolvent. R.S. 3:25-51, c.Joselson v. Joselson, 116 N.J. Eq. 180. This follows from *Page 151 
the rule that land is not an asset in the hands of executors or administrators, but it must first be sold and then the money received will be considered as an asset for the payment of debts.Haines v. Price, Executor of Price, 20 N.J. Law 480.
There is only one other factor in the present case, namely, the direction for the payment of debts found in the will. The direction operates to charge the debts on the lands of testatrix. Such a charge constitutes an equitable lien which a creditor may enforce in Chancery. McKinley v. Coe, 66 N.J. Eq. 70; 2 StoryEq. § 1244; 3 Pom. Eq. § 1244. If the executor has not sufficient personalty to pay the debt, the creditor may proceed directly against the lands which have been devised by the debtor. The charge does not have the effect of making lands an asset in the hands of the executor. The executor cannot, by virtue of the charge, take possession of the lands or sell them and distribute the rents or proceeds of sale among the creditors. Indeed, where the direction to pay debts is given to the executor, the lands are not considered to be charged. Shreve v. Shreve, 17 N.J. Eq. 487.
The lien upon the lands created by Miss Boyle's will, is given directly to the creditor himself; it affords him a secondary source of payment. Until the creditor enforces his lien, or the court takes custody of the lands, the income therefrom belongs to the devisee.
In Clift v. Moses (N.Y.), 22 N.E. Rep. 393, where land was devised, charged with the payment of debts generally, the court said of the charge, "Being a lien, equity would enforce it upon the same principles that it enforced other liens, in case it should be made to appear that the estate was insolvent and that the real estate was insufficient to pay the debts. The court might appoint a receiver to take charge of the real estate and to collect the rents, issues and profits. But we are aware of no case in which equity in the enforcement of liens against real estate has required rents, issues or profits previously received or collected, to be accounted for and paid over to apply upon the lien, unless it may be under circumstances in which a trust had been created or implied." *Page 152 
 Coddington v. Bispham, 36 N.J. Eq. 574, and Bowes v.United States, 127 N.J. Eq. 132, illustrate the effect of appointing a receiver. Rents realized while the lands are in the custody of the court are assets for the payment of debts. Similarly, when the lands are sold in a partition suit, a creditor may intervene by petition to reach the fund in court.McKinley v. Coe, supra. But in the case before me, the rent money is not a fund in court, or raised by an officer of the court; it is money held by the statutory agent of the devisees. The money belongs to the devisees and is not available to pay decedent's debts.