The complainants declare in their bill of complaint that they are tenants in common with the defendant Jesse E. Smith in the ownership of several tracts of land comprising 4,000 acres in the County of Cumberland. The complainants *Page 464 
primarily seek a partition of the lands and an accounting according to the practice of this court, but desire the immediate appointment of a receiver to acquire and preserve, pendentelite, the rents, issues, and profits of the lands. The application for the auxiliary relief is the subject of present consideration.
The order to show cause implicates the power of this court to appoint a receiver in a suit for the partition of lands and the circumstances that warrant such action.
The appointment of a receiver, like its other preventive and preservative efficiencies, is one of the oldest remedies of a court of equity. Bisph. Eq. 606. While in our own jurisdiction the reported decisions relative to the appointment of receivers in partition suits are not numerous, yet the power has long been recognized and affirmed. Low v. Holmes, 17 N.J. Eq. 148;Weise v. Welsh, 30 N.J. Eq. 431; Bilder v. Robinson, 73 N.J. Eq. 169; 67 Atl. Rep. 828; Woolston v. Pullen, 88 N.J. Eq. 35;102 Atl. Rep. 461; Freeth v. Rule, 117 N.J. Eq. 490;176 Atl. Rep. 578; affirmed, 118 N.J. Eq. 285; 178 Atl. Rep. 770.
Mr. Justice Bodine, speaking for the Court of Errors and Appeals in Freeth v. Rule, supra, refers to the power to appoint a receiver in a partition suit as incident to the ancient jurisdiction of the Court of Chancery.
The power has been cautiously exercised particularly where the application rests merely upon the existence of a belligerent relationship between the co-tenants and their consequent inability to agree upon the management of the lands. Vide,Bilder v. Robinson, supra (at p. 176).
In the consideration of such applications, a factor of fundamental significance is whether the complainants' alleged interest or estate in the lands is admitted or apparently free from reasonable doubt and uncertainty. Summarily stated, a receiver will ordinarily be appointed in a partition suit where the tenant in possession is guilty of the commission of waste causing irreparable injury to the estate of the co-tenant, or where the tenant in possession excludes the co-tenant from the possession and enjoyment of his share of the property, or where the tenant in possession acquires the rents, issues, and *Page 465 
profits of the lands and refuses to furnish his co-tenant with an accounting and is evidently appropriating the income to his own individual use. Indeed, a receiver might properly be appointed in other circumstances in which the misconduct of the tenant in possession occasions a justifiable apprehension of imminent and irreparable injury to the clear rights of the co-tenant.
Turning now to the factual background of the present application, it is evident that the parties are tenants in common; that the lands have been under the exclusive management and supervision of the defendant Jesse E. Smith with the acquiescence of the complainants, and that the lands have been productive of income. The complainants assert that the defendant has declined to furnish them with an account of the receipts and disbursements and has failed in some respects to manage the property advantageously. It is observed that the renitent affidavits submitted on behalf of the defendants fully, explicitly, and circumstantially controvert and deny all of the factual statements upon which the complainants base their right to the temporary relief for which they apply. Moreover, the affidavits of the defendants are accompanied by verified schedules revealing, apparently, a complete and comprehensive account of the stewardship of the defendant Jesse E. Smith and of the divisions of the net income periodically made.
The application for the appointment of a receiver is denied. *Page 466