Justice Drake
delivered the opinion of the court.
In this case, it appears, that in August term, 1827, the account of Jacob Johnson and Julian Eicke, Jr., deceased, executors of Peter Eicke, Sr., deceased, “ having been reported by the surrogate for allowance, and the same appearing to have been duly advertised according to law? and no objections being made thereto, was allowed and confirmed in all things” by the judges of the Orphans’ Court of Hunterdon county.
In October term, 1827, on application in behalf of the above defendants, a rule was obtained “to show cause at the next term why the account filed should not be opened for restatement.”
In August term, 1829, after hearing the proofs and arguments, the court “being satisfied that in the said account there was an apparent mistake,” decreed, “ that the account be opened for restatement,” and ordered the defendants to file exceptions in ten days, and that the account be referred to auditors, &c.
Upon application of the executors, the court granted a state of the case, certifying — “ that the evidence read on the argument of the rule was — •
*364 *1. The account of the executors, and allowance.
2. The will of Peter Eicke, deceased, the testator.
3. The inventory of the estate of the deceased.
4. The record of the division of the- real estate of the decased.
And that no other evidence than the above was given on either side: upon hearing of which evidence, the order to open the account was made.
The reason assigned and relied on for reversing the said order, is,
Because there was no evidence before the court either of fraud or mistake to warrant them in opening the settlement-of the account.
The defendants answer, in the first place, that the jurisdiction of this court over the settlement of the accounts of executors, in the Orphans’ Court, extends only to final settlements and decrees ; and that this is not of that character. If there be error in the opening of the account, it is very desirable that it should be at once corrected, before new and expensive proceedings grow out of it. And it would come with a very ill grace from an executor, after taking his chance for a favorable result of a second investigation, and having his accounts resettled and again confiimed, to apply to this 'court to set aside all the proceedings, because the original account had been erroneously opened. As this court will certainly have the power to review this decree, sooner or later, it becomes it to give a liberal construction to the word final in order to avoid the expenses and other bad consequences which would result from delaying the exercise of that power to a late period. And this case appears to me to be fairly within the reasoning adopted by this court, in the case of The State v. Hanford, 6 Halsted, 71, the decree being “final as to the subject matter on which it operatesI am therefore of opinion that this objection cannot prevail.
*365 It is objected, in the next place, that this was merely the exercise of a discretionary power in the Orphans’ Court, and that therefore error will not lie. It is, no doubt, a general rule with respect to the proceedings of common law courts that “ error will not lie in a matter resting in discretion.” 12 John. 49, and there are many of their proceedings which are decided to *be of this character, and, among others, the opening of judgments. But the present is not an analogous case. The power to open a settlement is given by the 32d section of the act, liev. Laws, 787, which does not confer a general discretion on the subject, but limits it to “ cases where the party applying for the opening of a settlement shall prove some fraud or mistake therein.” It is added, “ to the satisfaction of the said Orphans’ Court.” But surely this latter expression is not to be construed as so operating on what precedes it, as to vest an unlimited discretion. When an authority is granted to be exercised only under certain specified circumstances, the court, or the individual, thus empowered cannot dispense with the existence of such circumstances. If the Orphans’ Court is authorized to open a settlement upon proof of fraud or mistake, not only is the power conferred by the act confined by its terms, but the exercise of any power as a court, beyond those limits, is thereby indirectly denied. Considering the various and important interests involved in the settlement of the accounts of executors, administrators and guardians, their character as trustees, the liabilities of their securities, the claims of creditors, legatees, and those entitled to distribution, and that there is no limitation, in point of time, in this power to open such settlements, it appears to me that the true meaning of the last phrase above cited, is not to enable the Orphans’ Court to dispense with proof, but to indicate to them, that that proof should be clear and satisfactory, and that they ought not in a doubtful case to open an account; yet a just exercise of that discretion, which they certainly have, within *366 the prescribed limits, will require less proof with respect to the opening of recent settlements, than in cases of old and long settled accounts.
The court, in this case, have decreed the opening of the account, because “ they were satisfied there was an apparent mistake.” The whole of the evidence laid before them is presented here, and consists of the before mentioned written .documents. Upon the face of which papers, it is contended that there is evidence of mistake in three particulars.
1st. That the executors have charged themselves with rent for one year, and no more.
2d. That there is no allowance of interest, and,
*3d. That the commissions charged and allowed are too high.
As to the first particular, the executors having charged themselves with one year’s rent of the real estate of the testator raises no presumption that they'should be charged ■with anything more. The will gives them a naked authority to sell. This confers no right to let or to occupy the lands, nor did they acquire any by virtue of their office as executors. And although it may have been more than one year before the lands were sold, they cannot be called to account, in their character of executors, for the proceeds, even if they received them; and there is no evidence that they did receive them. And there being no evidence of any title to receive, or of the actual receipt of more than one year’s rent, there is surely no proof of mistake in the circumstance that they have not charged themselves with it.
The next supposed mistake is in the fact that the executors have charged themselves with no interest. The inventory was filed on the 25th day of September, 1821, and amounted to $561.83. The disbursements, within the ensuing fifteen months, nearly exhausted, and,.in less than two years, considerably overrun it. When the land was sold does not appear. The appearance of the account by no means convinces me, that if exceptions had been made to it *367 previous to the settlement, some charge of interest might not have been justly made against the executors, or some disbursements claimed by them, for payments of interest, might not have been disallowed. But moneys in the hands of an executor do not so necessarily draw interest, as to raise a presumption of mistake in case he is not charged. The propriety of charging a trustee with interest must rest on other facts than the mere circumstance of having money of the cestui que trust; as the having made use of the money in his private concerns ;• or having actually received interest for it; or having neglected for an unreasonable length of time to apply it to the purposes of the trust. But none of these circumstances, nor any other, amounting to proof of mistake in this particular, appears in this case.
The last supposed mistake is in the amount of commissions alkrwed. This was $62.22, being 6 per cent, on Sj51,037. Whether this was too much or too little we cannot tell. The sum was within the range of discretion of that court which *settled the account, and the mere fact that so much was allowed, even if, without explanation, it should appear to be too much to another court, will not authorize them in opening the account. If an individual, in settling a private account makes an allowance for services beyond their fair value, the settlement is binding notwithstanding that fact. 'Some fraud or mistake must be shewn to open a settlement between individuals; and surely the accounts of trustees settled by a competent court should be equally obligatory.
The legislature has provided that all persons concerned shall have notice of the first settlement of an executor’s accounts. After they are reported and before confirmation, they may be excepted to, and that is the proper time for the investigation of them. When settled they ought not to be opened, but for the reasons specified in the act appearing by satisfactory proof. If they were liable to be opened because a subsequent court, upon mere inspection, should be *368 of opinion that too much commissions had been allowed or too little interest accounted for, probably, one-half of the executors’ and administrators’ accounts in the state of New Jersey would be liable to the same fate.
I am therefore of opinion that the order of the Orphans’ Court should be reversed.
Order reversed.