THOMAS ALDRIDGE, appellant,

*v.*

SARAH J. McCLELLAND, respondent.

1. Where an executor charged the estate for money paid for repairs and insurance premiums on the real estate—*Held*, that not being bound by the will to pay for such repairs and premiums, he could not be allowed for them in his account, in the absence of an agreement, as so much paid to the devisees on account of their interests in the personal estate.

2. The executor mingled the funds of the estate with his own, and used them for his own purposes.—*Held*, that he was chargeable with interest. *Held*, also, that he was properly required to pay the costs of the exceptions which were rendered necessary by the charges, which plainly were not allowable.

Appeal from decree of Essex orphans court.

*Mr. Theo. Ryerson*, for appellant.

*Mr. John Whitehead*, for respondent.

THE ORDINARY.

Thomas Aldridge, the appellant, proved the will of Richard Parkes, deceased, March 10th, 1873. He filed an inventory on the 27th of that month, and from that time until May 21st, 1879, he filed no account. In January, 1878, Sarah J. McClelland, legatee and devisee under the will, by her petition to the orphans court, stated that for then over four years he had filed no account; that proceedings in bankruptcy had been instituted against him, and that he had therein been adjudicated a bankrupt. Thereupon the orphans court, by their order of January 29th, 1878, required him to account or show cause on the 12th of February then next, why he should not do so. On the last-mentioned day the court made an order stating that it appeared.

Aldridge *v.* McClelland.

that the estate was insecure in his hands, and requiring him to give bond on or before the 19th of that month in the sum of $6,000, with sureties, for the faithful performance of his duty as executor, and restraining him in the meantime from selling, disposing of or conveying away the estate, or any part thereof. By that order, the hearing of the order of the 29th of January was postponed to the 19th of February. The executor did not account, but appealed from the order to this court, which affirmed the order, and he thereupon appealed to the court of errors and appeals, with like result. He did not give the required bond, and on the 20th of May, 1879, the orphans court, therefore, ordered him to show cause on the 3d of June then next why the letters testamentary issued to him should not be revoked, and he be removed from his office of executor. On the 20th of May, 1879, the orphans court ordered that he be attached for contempt of court for not obeying the order to account. On the next day he filed his account. On the 8th of July, 1879, he was removed from his office, and Elwood C. Harris appointed administrator *de bonis non cum testamento annexo,* in his stead. By order of July 15th, 1879, he was ordered to pay immediately to the administrator the balance, $1,880.47, which, by his account, he admitted he had in his hands. He did not comply with that order, and on the 30th of July, 1879, an order requiring him to show cause why an attachment for contempt should not issue against him for his disobedience was made by the orphans court. From the order requiring him to pay over the balance he appealed to this court, and on its affirmance here he unsuccessfully appealed to the court of last resort. He subsequently paid the balance over. Exceptions to his account were filed both by Sarah J. McClelland and the children of the testator, also devisees under the will. The orphans court, on hearing the exceptions, struck out of the account and disallowed two charges of cash paid Mynard Coeyman (together, $32.75), and one of cash ($195.71) paid George Cummings ; two charges for cash paid for insurance premiums (together, $73), a charge of $25 cash paid Sarah J. McClelland, and disallowed

19

the executor's charge of commissions ($219.46), and directed that
he be charged with simple interest at seven per cent. per annum
on the balance which would appear on the restatement of the
account, from March 24th, 1874, to July 4th, 1878, and at six
per cent. per annum from that date to July 29th, 1881, the
time when the apparent balance of his account, $1,880.47, was
paid over by him pursuant to the order of the court, as of which
date the $1,880.47 were to be deducted from the amount of the
balance decreed to be due, and the interest thereon computed as
just mentioned; and that the executor be charged with interest
at six per cent. per annum on the balance, after such deduction
to the time of making the decree; and they ascertained the last-
mentioned balance to be $1,738.66, which they ordered the
executor to pay to the administrator, and ordered the executor
to pay out of his own funds the costs of the petition and pro-
ceedings in the orphans court. From that order the executor
has appealed to this court.

The will gives to Sarah J. McClelland the testator's brick
house and lot in fee, and the rents, issues and profits of another
property, known as the shop, for life. It also gives her an
annuity of $180, to be paid in monthly payments by the
executor.

It appears, by the account, that the payments made to Coey-
man and Cummings were made at the request of Sarah J.
McClelland, for repairs to the brick house. · They were for work
done to the house for her after the testator's death, and therefore
after she became the owner of the property in fee. Clearly, they
are not proper charges against the estate, and therefore are not
to be allowed to the executor in the account. It is urged on
behalf of the executor that they should have been allowed as
payments made to Sarah J. McClelland. But there was nothing
before the court to justify such an allowance. There was no
evidence that the payments were made under an agreement that
they were to be regarded as payment of so much of the annuity,
and they do not appear in the account as payments to Mrs. Mc-
Clelland, but as charges against the estate. The charge of $25
cash paid to her was properly disallowed. It appears by the

Aldridge v. McClelland.

testimony of the executor himself, not only that he cannot say that the money was paid on account of the estate, but he says he is inclined to think it was not.     And Mrs. McClelland, in her testimony, swears that it was not paid to her on that account.     Of the money paid for premiums for insurance, $40 are said to have been paid in May, 1876, for a policy on the brick house, and $33 for insurance on what is, I presume, the shop property.     And here it should be remarked that there is an error in the order of the court below, in reference to the payments for insurance premiums which were disallowed.     They are referred to as charges under date of March 10th, 1873, but it appears by the record that the exception of Mrs. McClelland as to charges of that date for money paid for insurance premiums was withdrawn, and it does not appear that any exception was made to them by the children of Mr. Parkes, but there was as to those of May, 1876.     The testimony on the subject, therefore, undoubtedly refers to the charges for cash paid for insurance premiums under date of May 9th, 1876, and to them alone.

He insured the property for the estate of Mr. Parkes, but the brick house, as before stated, became, at the death of the testator, the property of Mrs. McClelland, by virtue of the devise in his will, and so too she became the owner of a life estate in the shop property.     The money paid by the executor for insurance on her property, of course is not a proper charge against the estate.     It does not appear that he was under any obligation whatever as executor to insure the property.     The charges were properly disallowed.

The executor was justly chargeable with interest on the money in his hands not expended in the payment of claims against the estate.     He never kept it separate from his own funds, and he admits that he used it for his own purposes.     The money from which the balance is derived came to his hands May 24th, 1874. The court below by mistake charged him with interest from March 24th.     It also omitted to give him credit for $219.46, the amount charged in his account for his commissions, which amount he paid over to the administrator pursuant to an order

Aldridge *v.* McClelland.

of the orphans court made August 4th, 1881. He ought also to have been allowed a payment of $57.80 made by him out of the estate, in accordance with an order of the orphans court to that effect, for a copy of the stenographer's notes of the testimony of the witnesses ordered by the court to supply the place of a lost copy. He was properly required to pay the costs of the petition and the proceedings thereon, and of the exceptions. The petitions and proceedings thereon were due to his failure to discharge his duty to the estate and to comply with the orders of the court. The matters in his account which were excepted to were not of a doubtful character. According to this decision the balance due from him is $1,375.79 instead of $1,683.82 as found by the court below. The balance is ascertained as follows:

| | | | |
|---|---|---:|---:|
| Amount of debits | | | $4,736 50 |
| Amount of credits claimed by the account, including | | | |
| commissions | | $2,856 03 | |
| Deduct disallowances | | 545 92 | |
| | | $2,310 11 | |
| Add costs on settlement, not included in the account— | | | |
| Advertising | $6 00 | | |
| Court and surrogate | 17 80 | | |
| | | 23 80 | |
| | | | 2,333 91 |
| | | | $2,402 59 |
| Interest at seven per cent. per annum on this amount, from May 24th, 1874, to July 4th, 1878, four years, one month and ten days | | | 691 40 |
| Interest from July 4th, 1878, to July 29th, 1881, at six per cent. per annum, on $2,402.59 | | | 442 33 |
| | | | $3,536 32 |
| Deduct amount paid July 29th, 1881 | | $1,880 47 | |
| Also amount paid in pursuance of order of August 9th, 1881 | | 219 46 | |
| Also amount of stenographer's bill, paid Sept. 30th, 1880, | | 57 80 | |
| Interest thereon | | 2 80 | |
| | | | 2,160 53 |
| | | | $1,375 79 |

The decree of the court below will be modified accordingly. The costs of the appeal should be paid out of the estate.