CATHARINE VAN HOUTEN

*v.*

WILLIAM H. POST et al.

A testatrix, who died in 1863, devised a lot of land to her executors to sell, and divide the proceeds among A, B, C and D. The testatrix's title to the lot being disputed, the power of sale was not executed for several years, and meanwhile, since 1873, the taxes on the lot had accumulated, and were not paid by the executors for want of funds, although they had received the profits from the lot.—*Held,* that A, B, C and D were liable for the unpaid taxes, and not the estate.

Bill for relief.

*Mr. P. Stevenson,* for complainant.

*Mr. T. M. Moore,* for trustees.

THE CHANCELLOR.

The object of this suit is to obtain for the parties interested therein the benefit of a devise in the will of Rachel Van Houten, deceased, by which she directed her executors and trustees to sell

the property (a lot of land), and divide the proceeds of the sale among the complainant and George Post (each to have one-third), and Adrian Post and Elizabeth Hall, who were each to have one-sixth. The testatrix died in 1863. The persons appointed by the will as executors and trustees have not sold the property. The reason given for the nonexecution of the power is that the title of the testatrix to the property was in dispute. The controversy on that subject has been determined in this cause. *Van Houten* v. *Post, 12 Stew. Eq. 51.*

The bill states that the testatrix during her lifetime, from the death of her husband, under whose will she derived her title, and her executors and trustees since her death, have paid all the taxes and assessments upon the property. It appears, however, that the taxes assessed since 1873 are unpaid; that from 1863 to 1873 they were paid out of the estate at large, and that the taxes for 1873 were paid by the devisees of the property. Elizabeth Hall, by her answer, insists that the unpaid taxes should be paid out of the moneys of the estate, or by the persons who were the executors and trustees under the will, and not out of the proceeds of the sale of the property or by those entitled to the property. The executors have taken all the profits of the premises (four or five acres of unimproved land) since the death of the testatrix. They have not paid the taxes since 1873, because they had no funds of the estate with which to do so. Since the testatrix's death the taxes have been assessed to her estate. It is clear that the unpaid taxes upon the property in question are not chargeable upon the residue of the estate, but ought to be paid by the owners of the property. The accumulation of those taxes is due to the fact that the parties interested under the devise have so long delayed filing their bill for the relief which is sought in this cause. The devise is in substance a gift of the property to the persons among whom the proceeds are, under it, to be divided. It is a specific gift to them, and it should bear the burden of the taxes imposed upon it.