Defendant John M. Summerill was a testamentary trustee of the estate of Garnet Summerill, deceased, under a will probated by Salem county orphans court, until January 24th, 1924, when he resigned, and complainant City National Bank of Salem was by that court appointed as his successor in office.
The bill alleges that during the period of defendant Summerill's trusteeship losses were sustained to the estate by reason of his wrongful refusal to perform certain acts which the bill alleges it was his duty to perform as trustee. The losses are alleged to have arisen by reason of the trustee's wrongful refusal to sell certain real estate at an advantageous price, and also by reason of the trustee wrongfully releasing certain contractual rights which otherwise would have enured to the benefit of the estate. Recovery in behalf of the estate is sought for the amount of these losses.
The bill does not disclose whether any settlement of the accounts of defendant-trustee has been had in the orphans court.
Defendants object to this bill being entertained by this court on the ground that it is the duty of the orphans court to ascertain and determine and adjust at a settlement of the accounts of the trustee any liability of the trustee for misconduct of the nature stated in the bill, and that no adequate reason is disclosed by the bill for removing such settlement to this court. Filley v. Van Dyke, 75 N.J. Eq. 571.
Complainants' broad contention is that the orphans court is without jurisdiction in the settlements of accounts of a *Page 504 
testamentary trustee to charge the trustee with losses arising from the trustee's neglect of duty in the performance of his trust.
In Hill v. Hill, 79 N.J. Eq. 521 (at p. 539), Chancellor Pitney, sitting as ordinary, cites the several sections of our act conferring authority upon the orphans court in matters of accounts of testamentary trustees, and concludes that the orphans court is invested with full jurisdiction over the accounts of executors, administrators, guardians and trustees, with all incidental powers necessary to effectuate that jurisdiction; that such jurisdiction is a general jurisdiction, similar to that of the chancery and prerogative courts, and that its authority over the accounts of trustees under wills is as ample as that of the court of chancery, and that the accounts of a trustee under a will must be stated and settled in the orphans court on equitable principles, according to the truth and substance of the matter in controversy. In that case on an appeal from an accounting in the orphans court the learned ordinary affirmed the orphans court in imposing upon a trustee liability for misconduct, and in enforcing principles of equitable estoppel against beneficiaries of the trust, and also imposed liability upon a co-trustee for misconduct of the other trustee. It was there urged that the orphans court could not charge a trustee upon the ground of negligence. That contention was specifically overruled.
Under authority of that case it may now be said that our statute has conferred upon the beneficiaries in this cause the right to require an accounting by defendant trustee in the orphans court, and the further right, through the medium of exceptions to the account, to impose upon the trustee an obligation to the estate for losses that may have occurred through negligence or other wrongful conduct of the trustee, and that in such circumstances the powers of the orphans court in determining the trustee's liability and charging him with an amount found to be just are coextensive with the powers of this court.
In re Eckert, 93 N.J. Eq. 598, on appeal to the prerogative court, an executor is charged with losses sustained by *Page 505 
the estate through shrinkage in value of securities, due to unreasonable delay of the executor in making settlement, and in the same case the executor is charged with losses of interest to the estate arising from the removal of deposits in a savings bank to another bank where a lesser rate was received.
In Wyckoff v. O'Neill, 71 N.J. Eq. 729, loss to the estate by the neglect of an executor to pay an inheritance tax is made a ground of liability of the executor in the settlement of his accounts.
In Dey v. Codman, 39 N.J. Eq. 258, exceptions to the accounts of executors were filed in the orphans court seeking to charge the executors with losses sustained by the estate by reason of the refusal of the executors to sell real estate at an advantageous price. In both the orphans court and prerogative court on appeal these exceptions were entertained, and in both courts the surcharge claimed was denied because it was ascertained by the evidence that the executors had acted in good faith in refusing to sell.
In re Slater's Estate, 88 N.J. Eq. 296 (on appeal from orphans court — at p. 302), negligence of executor is treated as the basis of liability and (at p. 304) an executor is charged with loss sustained by the estate by reason of his failure to promptly pay an inheritance tax.
It is, of course, clear that this court has jurisdiction to entertain the present bill, but why should it do so in view of the circumstances that the legislature has created a special tribunal for awarding the same relief now sought in this court. Since the orphans court has jurisdiction in the settlement of the trustee's accounts to entertain and adjudicate every charge made by the bill and award on equitable principles precisely the same relief which is here sought, and enjoys all the facilities for that purpose which are afforded in this court, there appears to be no special reason which justifies this court in entertaining the present bill.
My conclusion is that the matters set forth in the bill should be or should have been adjudicated in the orphans court, and that no adequate reason is disclosed for elsewhere seeking an adjudication of the matters set forth in the bill. *Page 506