18 N.J. Super. 527 (1952)
87 A.2d 460
IN THE MATTER OF THE ESTATE OF WILLIAM M. YOUNG, DECEASED.
Superior Court of New Jersey, Essex County Court Probate Division.
Decided March 21, 1952.
*528 Messrs. Riker, Emery & Danzig, for the accountant.
Messrs. Gilhooly, Yauch & Fagan, for the exceptants.
SPEAKMAN, J.C.C.
This motion under Rule 1:7-8A to transfer this entire cause to the Superior Court is made by the accountant, Fidelity Union Trust Company, executor of the last will and testament and codicil thereto of William M. Young, deceased. The motion is grounded upon the proposition that some of the items included in the account filed herein, as well as some of the issues raised by the exceptions filed to the account, are subject matter not within the jurisdiction of this court.
For a proper understanding of the issues presented for determination by this motion, as well as the conclusion that the application of the accountant must be denied, a brief *529 recital of the factual background out of which this application arose is necessary.
William M. Young died on February 2, 1927, a resident of Essex County, New Jersey, leaving a last will and testament and codicil thereto, which was duly admitted to probate by the Surrogate of Essex County who issued letters testamentary thereon to Fidelity Union Trust Company (formerly Fidelity Trust Company), the executor therein named, which duly qualified.
By paragraph one of his will, decedent directed payment of his debts, funeral and testamentary expenses. By the second paragraph he set up a trust which never became effective. By the codicil he gave his household goods and furnishings to his daughter, Alice Rose Young. The remaining pertinent provisions of his will are as follows:
"THIRD: I direct my executor hereinafter named to convert my real and personal property into money as soon as a reasonable price can be obtained for the same and to divide and distribute the net proceeds thereof equally among my children, Margaret C. Schuelke, Francis A. Young, Mary E. Gesell, William M. Young, Junior, Grace McMahon, Edward B. Young, George F. Young and Alice R. Young.

* * * * * * * *
FIFTH: I make, constitute and appoint Fidelity Trust Company, aforesaid, Executor of and Trustee under this my last Will and Testament, and give to it full power and authority to sell and dispose of any and all real estate of which I may die seized, either at public or private sale, at such times and upon such terms as to it may seem for the best interest of my estate, and to make good and sufficient conveyances in the law therefor; and further I direct that no bond shall be required of it, either as Executor or Trustee, for the faithful administration of my estate in any jurisdiction."
Decedent was survived by the children named in paragraph third of the will who constituted all of his heirs-at-law and next-of-kin. His estate consisted of personal property inventoried at a value of $1,546.75 and a piece of real estate in Newark, known as 1124-1126 South Orange Avenue, on which there was a house which decedent and some of his children lived in at the time of his death.
The real estate just mentioned is the subject matter of the direction contained in and the power conferred by the provisions *530 of the will previously quoted. This real estate was never sold by the accountants and some time in 1930, and before May 23 of that year, the building, or a portion thereof was destroyed by fire. The income from the property was insufficient to pay the taxes thereon and ultimately the property was sold for taxes and the tax sale certificate was sold. This certificate was foreclosed and the right, title and interest of the accountant and the beneficiaries was debarred by a judgment entered on October 7, 1949.
Thereafter, on August 1, 1950, the accountant filed the complaint herein presenting for allowance its first and final account of the administration of the estate for the period from February 2, 1927, to April 24, 1950. In the complaint accountant charges itself as follows:

 "Total Assets as per Inventory and Appraisement
 dated February 25, 1927 as of
 February 2, 1927, date of death $ 1,546.75
 Amount received during period covered
 by this account 9,098.69
 __________
 Total $10,645.44
 __________
 Accountant prays allowance as follows:
 Amount disbursed during period covered
 by this account $10,628.18
 Balance remaining in the hands of the
 accountant, consisting of Cash (Fidelity
 Union Trust Company, Trust Funds) $ 17.26"
 ___________

The account annexed to the complaint discloses that the amount of $9,098.69 received by the accountant during the period covered by the account consists of: the sum of $2,722.95, the proceeds of various life insurance policies, which policies were, apparently, payable to one or another of decedent's children; the sum of $5,675.96 for a loss by fire to the building on the real estate; the sum of $448 rent income from the real estate for the period June 6, 1934, to April 9, 1943; the sum of $58.52 loaned by the family to pay the balance of the 1928 taxes on the real estate; and the sum of $193.26 made up of miscellaneous items such as interest *531 on daily balances and refunds and rebates on insurance premiums.
Although accountant does not charge itself with the value of the real estate, which parenthetically the exceptants assert had a fair market value on June 30, 1928, of $40,000 and was appraised as of February 2, 1927, the date of decedent's death, at a value of $39,000, it prays that it be allowed to charge this property off at no value. In addition, among other items not pertinent here, accountant prays allowance for expenditures in connection with the real estate, consisting of taxes, insurance, repairs, etc., from December 5, 1928, to December 9, 1949.
The exceptants are all of the heirs and next-of-kin of the decedent, or their heirs, next-of-kin or legal representatives. Their exceptions dated September 18, 1950, charge that the accountant: (1) negligently failed to accept an offer of $40,000 for the real estate, made on or about June 30, 1928, which offer of $40,000 was a reasonable price and was greater than the appraised value of the property; (2) negligently failed to accept other reasonable offers for the property; (3) neglected to take reasonable steps to prevent the tax foreclosure; (4) failed to charge itself with the salvage value of the property as a result of the fire; (5) and failed to convert the property into money as soon as a reasonable price could be obtained after decedent's death, but permitted the property to remain non-income producing and to steadily depreciate in value and to be eventually lost for non-payment of taxes. In short, they charge that the accountant did not exercise that degree of reasonable care and prudence that it, as a professional executor with great knowledge and skill, should have exercised in the performance of its duties as executor.
They further except to all expenditures made by the accountant from December 5, 1928, to December 9, 1949, on the ground that these expenditures would not have been necessary if accountant had sold the property in 1928 when accountant had been offered a reasonable price for it. Included in the foregoing is one item of $9.25 for a premium *532 on a liability insurance policy on the real estate which was paid December 9, 1949, after the property had been foreclosed.
Exceptants claim that the foregoing items should be disallowed and that the accountant should be charged with the value of the property in the amount of $40,000, being the reasonable value of the property in June, 1928; or that they should be charged with the appraised value of the property which was $39,000.
In the alternative they claim that the accountant should be charged with the difference between the appraised value of the improvements on the property and the amount of $5,675.96 received for the fire loss sustained thereto.
In addition, they claim that accountant's prayer for allowance of said property at no value must be disallowed and that accountant be charged with the loss suffered as the result of accountant's lack of care and diligence in failing to sell the property and in permitting it to depreciate in value and be sold for non-payment of taxes.
In January of this year accountant presented the present motion, and in support thereof argues that the issues raised by reason of the exceptions referred to are beyond the power of this court to adjudicate.
It is contended that it collected the rent income from the property as a statutory agent or constructive trustee and as such can account for the same only in the Superior Court; that the only theory upon which it can be held accountable in this court for failure to sell the real estate is that of an equitable conversion of the real estate into personalty, which accountant asserts did not occur here; and that as to the proceeds of the fire loss and the life insurance policies, it is a constructive trustee and as such can account only in the Superior Court.
While it is true that the exceptants contend that there was an equitable conversion of the real estate into personalty as of the date of decedent's death, by virtue of the language of paragraph third of the will directing the executor to sell the real property as soon as a reasonable price could be obtained *533 for the same, it is not necessary for the decision of this motion to decide that question. The charge made is that the accountant, as executor, negligently failed to perform its duties as executor in that it failed to sell the property as directed by the will when a reasonable price was offered for the same and permitted the property to depreciate in value and to be sold for non-payment of taxes.
It is well settled that this court, which succeeded to all the jurisdiction of the Orphans' Court, Miske v. Habay, 1 N.J. 368 (1948), has jurisdiction over the subject matter of an exception to a fiduciary's account based upon a charge of the negligence of the fiduciary in the performance of his duties as such. Dey v. Codman, 39 N.J. Eq. 258 (Prerog. 1884); Summerill v. Summerill, 99 N.J. Eq. 502 (Ch. 1926); 7 Clapp, New Jersey Practice 162.
In Dey v. Codman, supra, exceptions to the accounts of executors were filed in the Orphans' Court seeking to charge the executors with the loss sustained by the estate by reason of the refusal of the executors to sell real estate at an advantageous price. Although the surcharge was denied because it was determined that the executors acted in good faith in refusing to sell, the Orphans' Court entertained jurisdiction of the exception and the action of the Orphans' Court was affirmed by the Prerogative Court on appeal.
In Summerill v. Summerill, supra, Vice-Chancellor Leaming refused to entertain a bill which sought to charge a testamentary trustee for negligence in wrongfully refusing to sell certain real estate at an advantageous price, and held that the subject matter was within the jurisdiction of the Orphans' Court which could grant the same relief that could be obtained in the Court of Chancery.
The contention that this court has no jurisdiction over the subject matter of the rent income from the real estate collected by the accountant is likewise without merit. The argument in support of this contention is that since there was no conversion of the real estate into personalty because the property was not sold by the accountant, the next-of-kin were entitled to the rents. Therefore it is argued that the *534 guardian must account as a trustee for the rents collected by it and that the Superior Court alone has jurisdiction over such matters. As previously stated, it is not necessary for the decision of this motion to determine whether or not the real estate was converted into personalty at the date of decedent's death by virtue of the previously quoted provisions of the will. Accountant's argument overlooks the fact that the accountant admits in its brief that it collected the rents as statutory agent or trustee. This admission is especially significant in view of the fact that the first item of rent with which accountant charges itself was received June 6, 1934, approximately one month after the effective date of R.S. 3:17-8 which expressly confers upon an executor the power to rent real estate not specifically devised by a last will and testament. See In re Boyle, 133 N.J. Eq. 149 (Prerog. 1943); cf. Freeth v. Rule, 118 N.J. Eq. 285 (E. & A. 1935). The statute further provides that the executor may use the proceeds for the payment of taxes and the upkeep of the property. The real estate here involved was not specifically devised and this court therefore has jurisdiction of the subject matter of these rents. R.S. 3:1-2; N.J.S. 3A:2-2.
The cases relied upon by the accountant for the proposition that this court has no jurisdiction of the subject matter of the rents collected by it or the use of these rents for the payment of taxes and the upkeep of the premises, are not in point. White v. Brinkerhoff, 109 N.J. Eq. 553 (E. & A. 1931) and Fidelity-Philadelphia Trust Company v. Harloff, 133 N.J. Eq. 44 (Ch. 1943) were concerned with the question of whether an equitable conversion occurred under the circumstances present in those cases. As previously stated, it is not necessary to determine that question here. In re Boyle, 133 N.J. Eq. 149 (Prerog. 1943) merely decided that the balance of the rents collected pursuant to the statute by the administrator with the will annexed, belonged to the devisees of the real estate and was not available to pay decedent's debts. Johnson v. Eicke, 12 N.J.L. 316 (Sup. Ct. 1831); Ashby v. Ashby, 59 N.J. Eq. 547 (Ch. 1900); Aldridge v. McClelland, 36 N.J. Eq. 288 (Prerog. 1882); First National *535 Bank of Freehold v. Thompson, 61 N.J. Eq. 188 (Ch. 1900); Lawson v. Acton, 57 N.J. Eq. 107 (Ch. 1898); Van Houten v. Post, 41 N.J. Eq. 55 (Ch. 1886), one or the other of which dealt with executors' rights to rents, or their power to make repairs to real estate, or to pay insurance premiums on real estate, or to pay taxes upon real estate accruing after decedent's death, were all decided prior to the 1934 statute and are therefore not applicable here.
Finally, accountant advances the proposition that the insurance monies received by it to be used for the care and upkeep of the real estate and for the payment of all taxes and other charges against the same, as well as the $58.52 received by it from the family to pay the balance of the 1928 taxes levied against the property, constitute subject matter over which this court has no jurisdiction. It is true that these monies did not constitute assets of the estate. However, these funds were personal property held by the executors subject to the equitable duty to use them for the upkeep of the property and to pay taxes thereon. The use of these funds for those purposes was for the benefit of others and such duties were manifested, or created, other than by a will or other testamentary disposition. With respect to these funds, the accountant is a non-testamentary trustee within the meaning of R.S. 3:10-23, and may account in this court for these funds by virtue of R.S. 3:10-24. Having elected to file its account with respect to these items in this court, pursuant to the right granted by the foregoing statute, it cannot now question this court's jurisdiction over this subject matter.
Since this court has jurisdiction over all matters raised in the account and the exceptions thereto, and since under such circumstances this court may grant legal and equitable relief as to any matters that may arise in the further course of these proceedings (Constitution, 1947, article VI, section IV, par. 5) no adequate reason is disclosed why the cause should be transferred to the Superior Court.
The motion is denied.