29 N.J. Super. 594 (1954)
103 A.2d 60
IN THE MATTER OF THE ESTATE OF BLAZEK DYDO, DECEASED.
Superior Court of New Jersey, Essex County Court Probate Division.
Decided February 9, 1954.
*595 Mr. Lawrence Friedman argued for the motion (Mr. Chester L. Robak, attorney).
Mr. Alexander Permison argued against the motion.
FOLEY, J.C.C.
The plaintiff executrix commenced an action in the County Court by complaint and order to show cause. The complaint sought discovery of "certain papers, bank books, insurance policies, clothing, articles of furniture and other personal effects" left by the decedent in a room which he occupied in the home of his sister-in-law, Mary Dydo. The order to show cause directed Mary Dydo to make such discovery. Concededly, this discovery proceeding is properly before the court by reason of N.J.S. 3A:12-11, in which it is provided that the court to which a fiduciary is accountable may require that persons possessing or having knowledge of the existence or whereabouts of personal property of a decedent make discovery of the *596 same. Obviously, such proceedings of themselves raise no controversy between the fiduciary and the person sought to be examined.
In the complaint it was alleged, unnecessarily, that Mary Dydo claimed ownership of the personal property, discovery of which was sought. In these circumstances this allegation will be considered surplus and so of no effect upon the merits of the present controversy.
Upon the return of the order to show cause Mary Dydo presented an affidavit conceding ownership in the decedent of all the personal property in her possession, except a bank book, and she deposed as to it and the bank account of which it is evidence that she is the true owner by virtue of a gift to her by the decedent causa mortis. The County Court thereupon made an order directing her to turn over to the plaintiff all of the personal effects except the bank book, and continued the matter to permit the "defendant to serve and file a counterclaim and a brief in support thereof." Further, it was ordered that the plaintiff furnish an answering brief and that the matter be set down for plenary hearing
The defendant then filed a counterclaim alleging ownership of the bank account and asking for a declaratory judgment to this effect, to which the plaintiff made answer, challenging the jurisdiction of the County Court. Thereafter both parties filed briefs in which the jurisdictional question was argued, and in due course the matter came before the court on the continued date, for determination of the validity of the counterclaim.
The parties hereto agree that trial of title to the bank account is a purely equitable proceeding which the County Court would ordinarily be without authority to determine. The question now presented is whether or not jurisdiction may be taken under Article VI, Section IV, paragraph 5 of the New Jersey Constitution, which reads as follows:
"The County Courts, in civil causes including probate causes, within their jurisdiction, and subject to law, may grant legal and *597 equitable relief so that all matters in controversy between the parties may be completely determined."
The intention of the framers of our basic document that the County Court should assume equitable jurisdiction in all cases in which contesting parties are properly before it is unmistakable, and in the several cases in which the article has been the subject of judicial construction our courts have emphasized this mandate. Donnelly v. Ritzendollar, 14 N.J. 96 (1953); In re Young's Estate, 18 N.J. Super. 527 (Cty. Ct. 1952); Tumarkin v. Friedman, 17 N.J. Super. 20 (App. Div. 1951); Masi v. Mestice, 12 N.J. Super. 140 (App. Div. 1951).
But, as was stated in the Donnelly case, supra, the decisions clearly delineate the rule that the article does not grant to the County Courts the power to determine purely equitable questions. Thus, the nature of the two proceedings and the relationship between them become matters of interest.
The plaintiff's action was entirely ancillary in character, being undertaken solely for the purpose of discovering assets.
The defendant's so-called counterclaim is not a claim which is "counter" to the relief sought by the plaintiff, although it may be counter to certain allegations in the complaint which, as has been pointed out, have no bearing whatsoever on the plaintiff's right to discovery.
In realistic view, the claim of the defendant is actually separate and apart from the procedural action of the plaintiff, is unrelated to it by either blood or marriage, and the designation of it as a counterclaim, therefore, is a misnomer. In this posture of affairs the assumption of authority to determine the equitable question, based solely upon the pre-existence in this court of a splinter proceeding, would be unwarranted and, in a sense, would amount to the indulgence in a subterfuge whereby recognition of constitutional limitations would be rejected for the purpose of serving the presumed convenience of the litigants. Jurisdiction *598 thus obtained could originate only in the conclusion that the end justifies the means  a philosophy which is in complete disharmony with every concept of constitutional government.
An order may be submitted transferring the counterclaim and answer thereto to the Chancery Division of the Superior Court.