45 N.J. Super. 424 (1957)
133 A.2d 43
IN THE MATTER OF THE ESTATE OF ANTHONY COSTA, A/K/A TONY COSTA, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1957.
Decided June 27, 1957.
*425 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Samuel J. Davidson argued the cause for defendants-appellants (Messrs. DeFazio, Davidson & DeFazio, attorneys).
Mr. Anthony P. LaPorta argued the cause for plaintiff-respondent (Mr. Walter R. Gottschalk, attorney).
PER CURIAM.
This is an appeal from a judgment entered by the Hudson County Court, acting pursuant to N.J.S. 3A:12-11, directing that appellants Maria Costa and John *426 Orsi appear and make discovery before the court as to their possession of personal property of the decedent or as to knowledge of the existence or whereabouts of such property. The statute (successor of R.S. 3:13-9) authorizes any court to which a fiduciary is accountable, upon representation by the fiduciary that a person has possession of personal property of the trust or knowledge of the existence or whereabouts of such property, to require such person to appear and make discovery. Appellants complain that the judgment for such discovery, entered here on a complaint filed by the plaintiff, administratrix of the estate of Anthony Costa, was without prior notice to them by order to show cause or otherwise.
The judgment was entered January 9, 1957. On February 8, 1957 a motion to vacate the order was served and an order denying it was made February 28, 1957. Notice of appeal from the order denying the motion to vacate was filed March 29, 1957. The question as to whether the appeal was appropriately taken from the order denying the motion, rather than from the judgment, and the effect of that question on the timeliness of the appeal, were not argued, and we do not consider those matters.
Plaintiff preliminarily argues that the appeal is not from a final judgment or order and should therefore be dismissed. If the order denying the motion, as distinguished from the judgment for discovery, is properly to be considered the subject of appeal, it is final, as nothing remained to be done with respect to the matter. An analogy would be an appeal from an order denying a motion under R.R. 4:62 for relief from a judgment or order. Such an order is unquestionably appealable.
As to the meritorious question, we are of the opinion that the entry of the judgment without prior order to show cause was irregular. The proceeding being a summary one under authority of a statute, R.R. 4:85, calling for procedure by order to show cause in lieu of summons, became applicable. We cannot agree that merely because no in personam judgment could be entered against the defendants in this proceeding they were therefore not entitled to notice of the *427 proceedings. There might well, in some cases, be reasons demonstrable on the return of an order to show cause why the judgment for discovery should not issue. Respondent's analogy of a subpoena in a pending plenary proceeding is not a good one. A subpoena issues as of course. But N.J.S. 3A:12-11 contemplates an independent proceeding begun by complaint. Good practice in such case calls for issuance of a show cause order upon filing a verified complaint. 6 N.J. Practice (Clapp, Wills and Administration) (1950), § 619, p. 659; see In re Dydo's Estate, 29 N.J. Super. 594 (Cty. Ct. 1954).
However, we cannot find that appellants were prejudiced by entry of the judgment. No constitutional problem is involved. The judgment does not impinge on any personal or property right of defendants. At the argument they were unable satisfactorily to answer the question as to how their position on the return of an order to show cause would substantially differ from that on the return of the judgment for discovery. They either have or do not have possession of or information as to the personal property of the decedent. If they have, they should furnish the information. If not, they can say so on the return of the judgment. Defendants not being prejudiced and the judgment not being inconsistent with substantial justice, R.R. 1:5-3(b), the judgment is
Affirmed, but without costs.