IN THE MATTER OF THE ESTATE OF MADELINE VIRGILIO,
DECEASED.

Superior Court of New Jersey
Appellate Division

Argued November 13, 1961—Decided December 11, 1961.

Before Judges GAULKIN, KILKENNY and HERBERT.

*Mr. Sidney J. Meistrich* argued the cause for the appellant, Josephine Scalpati.

*Mr. Eugene Capibianco* argued the cause for the respondent, Joseph Vecchione, Administrator, etc.

The opinion of the court was delivered by

GAULKIN, J. A. D.    The County Court adjudged that two bank accounts were assets of the estate of Madeline Virgilio, and ordered Josephine Scalpati to deliver all monies in said accounts to Joseph Vecchione, the administrator.    Mrs. Scalpati appeals.

The proceeding was commenced with a complaint, filed by the administrator, "for discovery of assets," pursuant to *N. J. S.* 3A:12–11.    The complaint was in three para-

graphs. The first stated that plaintiff was the administrator. The balance of the complaint was as follows:

"2. The said Joseph Vecchione, as the plaintiff, is informed, verily believes and charges, that Josephine Scalpati was holding in trust for the decedent certain monies deposited in the banks and building and loan of Asbury Park, but so far the plaintiff has been unable to obtain the deposit books, nor the amounts being held in trust.

3. The said Josephine Scalpati has said sums of money in her possession, but denies that the same are assets of the Estate of said Madeline Virgilio. On the contrary she alleges that the same was given to her by the said Madeline Virgilio in her lifetime.

WHEREFORE, the plaintiff demands judgment requiring the said Josephine Scalpati to appear before this Court and make discovery as to the said sums of money deposited in accounts in the banks and building and loan in Asbury Park."

There is nothing in the complaint to indicate that the administrator needs discovery. On the contrary, it is clear from the testimony thereafter taken that the administrator required no discovery about these accounts, and that the complaint was in truth for the sole purpose of establishing the estate's right to them.

To begin with, the time of the County Court should not be taken up with proceedings under *N. J. S.* 3A:12–11 unless the plaintiff truly needs discovery and is unable to obtain the information as readily in any other way. If the plaintiff is prepared to institute suit for the recovery of property belonging to the estate, he can ordinarily obtain all necessary incidental discovery in such litigation, under the appropriate rules. We conceive that the County Court may decline to entertain a proceeding under *N. J. S.* 3A:12–11 which it finds to be unnecessary.

The accounts had been opened by the decedent with her money but were in the names of decedent and Mrs. Scalpati as joint tenants, either or the survivor to draw, the balance to be the absolute property of the survivor. Since Mrs. Scalpati claimed title, the administrator's suit to establish the estate's right to the funds should have been commenced in the Chancery Division of the Superior

Court. *Vineland Shopping Center, Inc. v. De Marco*, 35 *N. J.* 459, 468 (1961); *In re Dydo's Estate*, 29 *N. J. Super.* 594 *(Cty. Ct.* 1954). *Cf. Heyer v. Sullivan*, 88 *N. J. Eq.* 165 *(Ch.* 1917), affirmed 88 *N. J. Eq.* 595 *(E. & A.* 1918); *In re Dubois' Estate*, 97 *A.* 728 *(N. J. Prerog.* 1916).

Upon the filing of the complaint, the County Court issued an order to show cause, which made no mention of discovery, but called upon Mrs. Scalpati to show cause "why she should not deliver to the plaintiff the monies referred to in the Complaint herein, deposit books for said deposits in such banks and building and loan wherein said sums are deposited." This was plainly improper, for "no *in personam* judgment could be entered against the defendants in this proceeding." *In re Costa*, 45 *N. J. Super.* 424, 426 *(App. Div.* 1957); *In re Dydo's Estate, supra;* 6 *N. J. Practice (Clapp, Wills and Administration)*, § 619, *p.* 659.

The allegations in the complaint that Mrs. Scalpati claimed the moneys were surplusage, if this were indeed a complaint for discovery. *In re Dydo's Estate, supra.* Mrs. Scalpati added to the confusion by filing an "answer," consisting of a single paragraph, in which she denied "that she has any of the assets of the decedent, Madeline Virgilio, in her possession or that she is holding any monies in trust." This was a wholly inappropriate pleading to a complaint under *N. J. S.* 3A:12–11. *In re Costa, supra; Clapp, supra.*

The parties agree, however, that Mrs. Scalpati objected to the County Court's exercise of any jurisdiction over her beyond discovery. The trial court overruled the objection and, without a pretrial, discovery, or any of the other steps usual to a litigation of this nature, heard testimony on the merits and entered the judgment appealed from. The administrator's position is, in effect, that (1) under the 1947 Constitution the County Court has jurisdiction over an action to impress a trust upon a bank account, and the action was properly commenced there, and (2) if not,

the County Court had jurisdiction in the case at bar as an incident to the discovery proceeding commenced under *N. J. S.* 3A:12–11.

In discussing *N. J. S.* 3A:12–12 Clapp says (6 *N. J. Practice, supra,* § 617, *p.* 658), and it applies to *N. J. S.* 3A:12–11:

"* * * The statute is remedial and should be construed liberally; but it does not confer upon the County Court authority to try equitable titles. Nor does the constitution vest the court with this power. The constitution authorizes the County Court, within its statutory authority, to exercise such legal and equitable jurisdiction as may be necessary to complete the determination of the controversy before it. However, the statutory power to compel discovery is not so broad a grant of authority as to carry with it a power to determine all equitable questions which arise in the course of the proceeding—any more than the authority which the old Court of Chancery had to compel discovery enabled it to complete the determination of legal issues which were raised in the suit for discovery * * *"

See also *In re Costa, supra; In re Dydo's Estate, supra.* ▇▇▇▇ In a proceeding properly brought for discovery under *N. J. S.* 3A:12–11, the County Court should, in the first instance, confine itself to discovery. *In re Costa, supra; Clapp, supra,* § 619. If the defendant concedes that property in his possession belongs to the estate, turnover proceedings may be proper. *In re Fay's Estate,* 129 *N. J. Eq.* 473 (*Prerog.* 1941); *Clapp, supra,* § 619. Where, however, the discovery proceedings develop a situation in which there is a dispute as to ownership which must be litigated, the fiduciary should be remitted to his action at law or in Chancery to settle the dispute. Where the parties, without protest, permit the County Court to adjudicate their equitable rights, the adjudication will be binding. To that extent our law today, under the 1947 *Constitution,* differs from the old law. *Heyer v. Sullivan, supra; In re Dubois' Estate, supra.* However, in the case at bar, when Mrs. Scalpati challenged the County Court's right to proceed to a final determination of the merits, the County Court

should have confined itself to discovery if discovery had been necessary. Since it was not, it should have dismissed the complaint. The County Court had the right, of course, to transfer the case to the Chancery Division (*Vineland Shopping Center, Inc. v. De Marco, supra*). However, we perceive no virtue in doing so now. It will be better to start anew, for the complaint was sketchy and would have to be amended, the bank and the building and loan would have to be joined, and subpoenas to answer would have to be issued.

For the foregoing reasons, the judgment appealed from is reversed and the complaint dismissed, without prejudice to the administrator's right to institute an action in the Chancery Division of the Superior Court.

This makes it unnecessary to consider the remaining questions raised by appellant, except to say that the trial judge erred in refusing to allow the defendant to testify to conversations with the deceased. *N. J. S.* 2A:81-2.