102 N.J. Super. 226 (1968)
245 A.2d 757
IN THE MATTER OF THE ESTATES OF JULIUS KORTVELLESSY AND BARBARA KORTVELLESSY, DECEASED.
DANIEL KORTVELLESSY AND JULIUS KORTVELLESSY, JR., EXECUTORS OF THE ESTATE OF BARBARA KORTVELLESSY, DECEASED, PLAINTIFFS,
v.
TANIA KORTY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 8, 1968.
Decided July 29, 1968.
*228 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Theodore Bellet argued the cause for defendant.
Mr. Emil Weisser argued the cause for plaintiffs.
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from an order enteerd in a summary proceeding before the Passaic County Court, Probate Division, denying defendant's petition to revoke *229 letters testamentary issued to plaintiffs by the Passaic County Surrogate as executors under the last will and testament of Barbara Kortvellessy, deceased, and to set aside a restraint barring defendant from collecting money due on a mortgage held by her on real property located in the City of Clifton.
Decision on plaintiffs' motion to dismiss the appeal on the ground that it was not one from a final judgment or order was reserved pending oral argument. Defendant's petition to set aside a judgment admitting a will to probate pursuant to R.R. 5:3-4(a) was denied by the County Court. This constituted a final judgment as nothing further remained to be done with respect to the petition and accordingly the motion to dismiss is denied. See In re Costa, 45 N.J. Super. 424, 426 (App. Div. 1957).
The record reveals the following chronology of events leading up to the present litigation. On August 7, 1956 Julius and Barbara Kortvellessy, husband and wife, residing in Clifton, executed a joint will. Under its terms they bequeathed and devised their property to each other. It further provided that upon the death of the survivor, with the exception of a specific devise not here relevant, the residue of their property was to be divided equally among their six children.
On May 10, 1962 Alex Jakimjuk and Rose, his wife, executed a purchase money mortgage to Julius and Barbara in the amount of $15,000 on property located in Clifton. Julius died on May 27, 1965. The Passaic County Surrogate probated the joint will as Julius' will on June 8, 1965 and Barbara was duly qualified as executrix.
On July 28, 1965 Barbara made a new will revoking the prior will in which she named her son Frank Korty, nee Kortvellessy, as sole beneficiary. On October 25, 1965 Barbara assigned the mortgage on the Jakimjuk property to Frank and Tania, his wife. In August 1966 Barbara moved to Pennsylvania to live with Frank and Tania in Forest City. She died in a convalescent home in Waymart, Pennsylvania on February 9, 1967. (We were informed at oral argument *230 that the will made by Barbara on July 28, 1965 was probated in Pennsylvania on February 1, 1968.)
On July 19, 1967 Daniel and Julius Kortvellessy (stepsons of Barbara), who had been named as successor executors in the joint will executed by Barbara and Julius on August 7, 1956, filed a complaint for the re-probate of that instrument as Barbara Kortvellessy's will with the Passaic County Surrogate. The complaint alleged that when Barbara died on February 9, 1967 she was domiciled in Clifton and resided at 15 Rosalie Avenue in that city. The surrogate admitted the will to probate and issued letters testamentary to Daniel and Julius on August 15, 1967.
On September 1, 1967 Daniel and Julius as executors (the plaintiffs herein), filed a complaint in the Passaic County Court for "discovery of assets" pursuant to N.J.S. 3A:12-11, alleging that Frank and Tania Korty had in their posession assets of the estate which the executors had demanded be turned over to them. The complaint alleged that the Jakimjuk mortgage, upon which there remained due $11,399.16, was an asset of the estate to which the six beneficiaries named in the joint will were entitled. It demanded the entry of a judgment requiring Frank and Tania to appear before the court to make discovery of assets belonging to the estate. Upon filing of the complaint the County Court issued an order to show cause directing Frank and Tania to appear on September 19 to make discovery as to their possession and knowledge of any personal property of Julius and Barbara Kortvellessy, deceased. It also restrained Frank and Tania from disposing of estate assets and from collecting interest or principal due on the Jakimjuk mortgage. It further ordered that Alex and Rose Jakimjuk pay any monies due or to come due on the mortgage to a receiver appointed by the court.
On August 28, five days before plaintiffs' complaint was filed, Frank Korty assigned his one-half interest in the Jakimjuk mortgage to Tania. On September 26 Tania filed a verified petition with the County Court alleging that she was *231 the sole owner of the mortgage; that Barbara had executed the second will on July 28, 1965 in which Frank Korty was named as the sole beneficiary, and that Barbara had moved to Pennsylvania in the summer of 1966 where she died on February 9, 1967. The petition alleged that when plaintiffs offered the 1956 joint will to the surrogate for probate they untruthfully stated the residence of the decedent Barbara Kortvellessy to be 15 Rosalie Avenue in Clifton, New Jersey, and further, that the joint will had been revoked by the later will. The petition requested that an order to show cause issue to vacate the restraints which had been imposed and to revoke the letters testamentary that had been granted by the surrogate to plaintiffs. Based on Tania's petition an order was entered directing plaintiffs to show cause why the letters testamentary should not be revoked and the restraints imposed in the order of September 1 should not be vacated.
On the return day of the order to show cause the County Court judge held that he could not, in a summary proceeding, pass upon the issues raised in defendant's petition and that such matters could only be resolved following a plenary hearing. However, rather than grant such a hearing when requested by defendant the judge denied the relief sought. In so doing the judge concluded that the decedent had been contractually obligated under the terms of the joint will not to dispose of property which had been left to her by her husband. He further stated he was denying defendant's application to revoke the letters testamentary issued to plaintiffs because "there is something to dispose of here in New Jersey." This appeal followed.
We are satisfied that the County Court judge erred in his ruling. A husband and wife may enter into an agreement, based upon a valid consideration, to dispose of their combined estates by a joint or mutual wills. When the surviving spouse thereafter violates the terms of the agreement the remedy of persons aggrieved thereby is to bring an action in the Chancery Division of the Superior Court to specifically enforce the contract and impress a trust on the estate's assets. *232 Tooker v. Vreeland, 92 N.J. Eq. 340, 342 (Ch. 1921), affirmed sub nom. Tooker v. Maple, 93 N.J. Eq. 224 (E. & A. 1921); Minogue v. Lipman, 25 N.J. Super. 376, 389 (Ch. Div. 1953), affirmed 28 N.J. Super. 330 (App. Div. 1953); Sellyei v. Lecso, 28 N.J. Super. 593, 597 (Ch. Div. 1953).
In the instant case we are of the view that it was not appropriate for the County Court judge to decide whether the decedent was contractually bound by the joint will not to dispose of property which she had received under her husband's will, whether considered from the standpoint of the plaintiffs' discovery proceeding or that of defendant's petition seeking, inter alia, revocation of plaintiffs' letters testamentary for lack of jurisdiction. Cf. In re Estate of Virgilio, 71 N.J. Super. 89 (App. Div. 1961). Furthermore, the determination of the contract issue was not relevant to the issue before the court under defendant's petition, namely, whether the surrogate's judgment admitting the joint will to probate should be set aside because of lack of jurisdiction.
Moreover, the court's conclusion that the probate judgment could not be revoked because real property, which was encumbered by defendant's mortgage, was located in New Jersey cannot be sustained. This fact did not provide the jurisdictional basis on which the will was offered for probate. Probate was granted only because plaintiffs' complaint for probate alleged that decedent was a resident of Clifton. In fact, the surrogate had no power to do otherwise (R.R. 5:3-3) because authority to probate a nonresident's will is vested only in the County Court and the Superior Court. N.J.S. 3A:3-29. Also, it is undisputed that legal title to the mortgage was held by the defendant  it was not owned by the testatrix at the time of her death.
Jurisdiction to probate a will is vested in the Surrogate's Court only if the decedent resided in the county at the time of death. N.J.S. 3A:3-18. As used in the statute, "residence" and "domicile" are synonymous. In re Fisher, 13 N.J. Super. 48, 55 (App. Div. 1951). Where such jurisdictional requisite is found lacking, i.e., the decedent *233 was not domiciled in this State, the judgment admitting the will to probate is void. 5 N.J. Practice (Clapp, Wills and Administration), § 140, p. 254 (1962) (and see cases cited at fn. 2). Moreover, a perjurious affidavit, purposely false and willfully given to the surrogate in order to secure probate of a will, alleging that decedent died while domiciled in New Jersey when in fact she was not, is a fraud upon the Surrogate's Court. Cf. Gray v. Cholodenko, 34 N.J. Super. 190 (App. Div. 1955).
N.J.S. 3A:2-3 empowers the County Court to review a judgment entered by the surrogate and to grant relief therefrom. R.R. 5:3-4 provides that any person aggrieved by the judgment may move before the County Court to set aside or modify the same, and R.R. 5:3-5(a) directs that such an action shall be heard de novo.
Here the issue of decedent's domicile at the time of her death was in dispute. Defendant, who had been restrained from collecting the proceeds of her mortgage, was a person who was aggrieved by the judgment admitting the will to probate. Having applied to the court for a review of and relief from the surrogate's judgment under R.R. 5:3-4, she was entitled to a de novo hearing under R.R. 5:3-5 (a). The County Court erred in not granting the hearing and denying her petition for relief. The order discharging the order to show cause is reversed and the case is remanded to the County Court to conduct a plenary hearing on the issue of decedent's domicile at the time of her death. If, upon such a hearing, the court determines that she was not domiciled in this State, the surrogate's judgment should be vacated on the ground of lack of jurisdiction. If the court determines that she was domiciled in this State, the court may transfer the issue of specific performance of her alleged agreement to dispose of the property as provided in the joint will to the Chancery Division of the Superior Court. In re Estate of Virgilio, supra, 71 N.J. Super., at pp. 94-95.
*234 Since the undisputed evidence in the record shows that defendant is the legal owner of the Jakimjuk mortgage, the restraints barring her from collecting the proceeds thereof and the Jakimjuks from paying over the same should be lifted.
Reversed and remanded for further proceedings in accordance with this opinion.